Weldon, J.,
delivered the opinion of the court:
This case involves the application and construction of two acts of Congress, the Aet of March 3, 1875 (1 Sup., R. S., 2d ed., p. 401), and the naval longevity pay statutes of 1883 (1 Supp., R. S., 2d ed., p. 401). Whatever rights the claimant *72 may have against the United States grow out of those two statutes. The act of 1875 is as follows:
“AN ACT for tire relief of E. Laws, chief engineer, United. States Navy.
uJBe it enacted by the Senate cmd Souse of Representatives of the United States of America im, Congress assembled, That the services of Elijah Laws as first assistant engineer of the United States Navy shall be considered in every respect, except in that which may change his present rank, as though he had received a warrant appointing him to that position on the seventeenth day of March, eighteen hundred and sixty-three, the date of the warrants as first assistant engineers of those who entered the service next after him; and as chief engineer shall be considered in every respect except in that which may change his present rank or position on the Navy Begister as having commenced on the thirteenth day of August, eighteen hundred and sixty-six, the date of the completion of the two years’ service required for first assistant engineers before promotion after March 7th, 1863.”
The portion of the statute of .1883 involved in this contention provides as follows:
“And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer navy, or both, and shall receive all the benefits of such actual service, in all respects and in the same manner as if all said service had been continuous in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service.”
The facts upon which the contention is based are as follows: The claimant is an officer of the Navy of the United States, to wit, a chief engineer. His naval record is in substance: Third assistant engineer, March 19, 1858; second assistant engineer, December 1,^860; first assistant engineer, July 21, 1806; chief engineer, March 21,1870.
On May 2, 1863, claimant, then serving as second assistant engineer on board the U. S. S. Wabash, was tried by a general court-mai'tial, and sentenced to be dismissed from the naval service. Said sentence was approved on the 27th of May, 1873. March 31,1864, he was pardoned by the President, and reappointed as a second assistant engineer in the Navy with the former rank, to date from the 1st of December, 1860.
Claimant was allowed pay for the time he was dismissed in a settlement on the 25th of March, 1875. In his settlement with the Department under the longevity act of 1883, he was not *73 allowed for tbe time he was dismissed; and if so allowed his pay would have amounted to the sum of $641.95, in addition to what was paid him. It is insisted by counsel for the claimant that, by virtue of the joint effect of the pardon of the President and the provisions of the act of 1875, the claimant was fully restored to his rights, and that his legal condition under the act of 1883 is the same as though he had never been dismissed by a court-martial. Upon the other hand, it is insisted by counsel for the Government that the law of 1883 requires “ actual service” or service in fact; and that whatever maybe claimant’s rights under the act of 1885, the law of 1883 prescribes a qualification of service which is not incident to the claimant. The case of Collins v. The United States (15 C. Cls. R., 22) is relied upon by counsel as establishing the right of claimant to recover. We have carefully considered that decision and do not find that it affects the issue in this case. Whatever may have been the legal condition of claimant under the provisions of the law of 1875, Congress had a right in the adjustment of longevity pay to officers of the Navy to affix such conditions and qualifications as in the judgment of that body were deemed expedient. In the case of Brown v. The United States (18 C. Cls. R., 545), the court said:
“ Longevity pay is supposed to be based upon the theory that an officer’s usefulness increased by length of service should be rewarded by increased remuneration. Experience is undoubtedly the better part of education. In all professions and businesses it commands the highest price. In fixing the pay of Navy officers on the active list, Congress had recognized that fact, and graded the pay by length of service.”
And in the case of Young v. The United States (19 C. Cls. R., 145), this court, in the construction of a statute providing compensation founded upon service, said:
“In the passage of the law in controversy Congress provided an additional compensation to the soldier after a certain time. That additional compensation is founded upon some equivalent on the -part of the soldier; that equivalent is the judgment and capacity which he acquires by the continued service of five years. It is not a mere gratuity dependent upon individual acts of heroism, but upon service of time.”
The very term “longevity” as applicable to service implies duration of service, and the question is whether, under the law of 1883, in connection with the act of 1875, duration can be *74 extended by tbe time tbe claimant was not in service 5 bntwas in fact out of tbe service, under tbe judgment of a court-martial.
Tbe law of 1883, upon wbicb tbe demand of tbe claimant is based, uses tbe terms 1 £ actual tim e ” and ‘ ‘ actual service.” The service recognized by tbe enactment of 1875 is not “ actual” but constructive. For tbe purposes of that law, tbe claimant is to be treated as though no interruption bad taken place in the continuity of his service. But can tbe period during which he was out of the Navy be regarded as tbe service contemplated and required by tbe act of 1883 % In tbe law the term “actual” and “constructive”» have well defined meanings. They are contradistinguished to each other. They indicate different conditions, one is real, tbe other is implied or assumed. In our opinion when Congress uses tbe words “actual time” and “ actual service,” they intended to exclude tbe computations of time founded upon constructive service; and intended to limit tbe compensation to tbe time served in fact by an officer. Tbe judgment of tbe court is that tbe petition be dismissed.