Scoeield, J.,
delivered the opinion of the court:
George Dunn, the claimant’s intestate, was appointed a gunner in the Navy April 11, 1871, and served as such until January 1,1883.
Prior to this appointment he had been connected with the» Marine Corps. He entered that corps as a boy under elevens years of age, bound for ten years and twenty-two days, to learn» music, and was rated as a fifer. With several discharges andi re-enlistments, he continued in this service until September lr 18.62, making in all sixteen years five months and twenty-six days.
The main question in this case is whether he can now be-credited under the Act of March 3,1883 (22 Stat. L., 473), with, the whole or any part of the service rendered while he was-borne on the roll as a member of the Marine Corps.
The law of this case is not clear. That may perhaps be said of most cases that come into the courts, for clearness in the-law is not productive of litigation. Yet the number of cases-which, after argument by counsel and consideration by courts,, are not found to be controlled by undisputed legal rules are-very few. The case under consideration is one of that few. .
The amount involved is not large, but the case is important; because it represents a class.
The court after due consideration has arrived at a conclusion which is believed to be correct, and which, also, leaves the case in a position where, for the sake of the many outside of this record, as well as the claimant and the Government, it can be reviewed in the Supreme Court.
The act above cited provides that—
“All officers of the Navy shall be credited with the actual time they may have served as officers or-enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in the same manner as if the said service had been continuous and in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service.”
By his appointment as a gunner Dunn became an officer in the Navy. (Kev. Stat., § 1406.)
Can his prior service in the Marine Corps be considered as service in the Army or Navy?
*22 The counsel for the defendants contend that the Marine Corps is a distinct organization, independent of both Army and Navy, and its officers and enlisted men constitute no part of either.
This position is supported, at least inferentially, by many statutes, in which the corps is named in a manner inconsistent with the theory that it is part of the Army or Navy.
Kb the different organizing acts the staff divisions of the Navy are severally styled'the Medical, Pay, and Engineer Ctorps, of the Navy (Eev. Stat., §§ 13C8, 1376, and 1390); while th© Marine Corps .is styled “the Marine Corps of the United iStofes” (§ 1596).
Section 2304 provides that “every soldier and officer who lias served in the Army of the United States * * * and <every seaman, marine, and officer who has served in the Navy of the United States, or in the Marine Corps,” shall be entitled, ■¡to a patent for 160 acres of laud.
•By the Act of dune 8,1880 (21 Stat. L., 164), the President is authorized to appoint a judge-advocate “ from the officers of the Navy or Marine Corps.”
In the Eevised Statutes, page 278, article 10, it is provided that a.ny “ officer of the Navy or Marine Corps who, having tendered his resignation, quits his post * * * shall be deemed a deserter.”
Section 4693 provides that “any officer of the Army, * * * Navy, or Marine Corps, or any enlisted man, however employed in the military or naval service of the United States or in its Marine Corps,” may, when disabled, be placed on the list of invalid pensions.
Section 4724 provides that “no person in the Army, Navy, or Marine Corps shall draw both a pension as an invalid and the pay of his rank.
Section 4756 provides that there shall be paid out of the ■■naval pension fund to every person “ who has served in the Navy or Marine Corps,” and become disabled from sea service, .•a sum equal to one-half the pay of his rating.
Section 4843 provides that “ insane persons belonging to the Army, Navy, Marine Corps, and Eevenue Cutter Service” shall be admitted into the insane hospital.
Section 290 provides that “ in case any officer of the Navy or Marine Corps on board a vessel in the employ of the United *23 States” shall have lost personal effects, he may be allowed one month’s sea pay.
In section 4757 provision is made for “ every disabled person who has served in the Navy or Marine Corps.”
Section 1421 provides that persons enlisted in the Army may be transferred to the Navy or Marine Corps.
These statutes indicate that the Marine Corps is not to be regarded as a part of the Army or Navy. This case, however, is not necessarily determined by that fact alone. There are other statutes that must be considered.
Section 1621, Revised Statutes, provides that “ the Marine Corps shall, at all times, be subject to the laws and regulations established for the government of the Navy, except when detached for service with the Army by order of the President, and when so detached they shall be subject to the rules and articles of war prescribed for the government of the Army.”
By the terms of this section the service of the Marine Corps is always to be rendered under the laws and regulations of either the Army or Navy, and under the command of Army or Navy officers, or of the President through the War and Navy Departments. Admitting that it does not constitute any part of the Army or Navy proper, and that as a general rule its officers and enlisted men are not embraced in statutes that name the officers and enlisted men of the latter organizations, it may still be held with much propriety that service rendered by the officers and enlisted men of the Marine Corps, through the Army and Navy, is service rendered in the Army or Navy within the meaning of the act of 1883.
It is quite probable that Congress so regarded it in the passage of the act. The officers and enlisted men of the Marine Corps, it may be presumed, deserve as much consideration by the country as those of the Army and Navy. Presuming this, we may well suppose that they were not separately named in the act because Congress understood that they were included in its benefits through the other organizations.
This view of the case is sustained by the Supreme Court in Wilkes v. Dinsman (7 Howard, 89). That case originated under the Act of March 2, 1837 (5 Stat. L., 153), which provides that “ when the time of service of any person enlisted for the Wavy shall expire while he is on board of a public vessel of the United States, employed on .foreign service,” the commanding officer *24 ■may, if essential to the public interest, detain him until the vessel shall return to the United States. Dinsman had not enlisted in the Navy, but had enlisted in the Marine Corps. His time had expired, but he was forcibly detained. The court held that his enlistment in the Marine Corps rendered him amenable to this provision of the act, although it applies only to persons “ enlisted for the Navy.” Another question as to whether Dinsman had re-enlisted in the Marine Corps whereby his time had not expired, and which was passed upon by the court adversely to him, need not be noticed here. It is enough for this.case that the court then held, in effect, that an enlistment in the Marine Corps, with service on shipboard, might be considered as service in the Navy.
We thus arrive at the conclusion that the claimant’s intestate is entitled to be credited, in computing longevity pay under the act of March 3, 1883, with the time which he, being an enlisted man in the Marine Corps, served on board of public vessels, or elsewhere, under the command of Army or Navy officers, or the War or Navy Departments.
The service performed under these conditions amounts to sixteen years five months and twenty-six days.
Calculating the longevity pay upon this basis, the claimant is entitled to recover the sum of $2,238.10.
Judgment will be entered accordingly.