Weldon, J,,
delivered the opinion of the court:
On the 1st day of September, 1870, the claimant made a contract with the defendants, by which he agreed to serve the United States as a medical officer, agreeably to Army Begula-tions, in the Department of Dakota, at the sum of $100 per month, the contract to continue for one year unless determined by the general commanding the military division or depart *305 ment. Said contract was substituted for a contract for like service bearing date July 19,1870.
He served for seveal years under said agreements, and was then appointed assistant surgeon in the Navy. It is alleged that, under § 1 of the Naval Appropriation Act of March 3, 1883, he is entitled to the sum of $987.97, based upon the computation of time he served under said contracts with the Government.
It is contended that the facts of this case bring it within the principles of law announced by the Supreme Court in the case of Hendee v. The United States (124 U. S. R., 309).
In the case of Mouat v. The United States (124 U. S. R., 303) it was held that a paymaster’s clerk is not an officer of the Navy within the meaning of the Act of June 30, 1876 (19 Stat. L., 65, ch. 159), so as to be entitled to mileage allowed by that act; but it was held in the Hendee Case that within the meaning of the Act of March 3, 1883 (22 Stat. L., 473, ch. 97), respecting the longevity pay of officers and enlisted men, a paymaster’s clerk was in the Navy.
It is somewhat difficult to distinguish the cases, and in order to do so we must look to the reasoning in both. The issue in each involved the construction of two acts of Congress. In the Mouatt Case, the court held that the Act of June 30, 3876, in modification of the Act of June 6,1874, excluded persons of the Navy from the benefit of its provisions except officers.
In the Hendee Case the same class of persons was held to be included in the Act of March 3, 1883, although the terms “ officers or enlisted men ” were used in its provisions.
In the latter case the court quotes approvingly what was said by the Supreme Court in the case of Ex parte Reid (U. S. R., 13):
“ The place of paymaster’s clerk is an important one in the machinery of the Navy. The appointment must be approved by the commander of the ship. Their acceptance and agreement to submit to the laws and regulations for the government and discipline of the Navy must be in writing, and filed in the Department. They must take an oath, and' bind themselves to serve until discharged. The discharge must be by the appointing power, and approved in the same manner as the appointment. They are required to wear the uniform of the service; they have a fixed rank ; they are upon the pay roll, and are paid accordingly. They may also become entitled to a pension and to bounty land. * * * If these officers are not in the naval service, it may well be asked who are.”
*306 It does not appear that the claimant in this case was subject to the rules, regulations, and requirements imposed upon a paymaster’s clerk, which seem to have been important in the consideration of the case of Reid.
After enumerating the requirements of a paymaster’s clerk the court inquires: “If these officers are not in the naval service it may well be asked who are.”
The relations of the claimant to the Army were dependent upon a contract in the ordinary sense of the term. He had no rank, but as part of his compensation he was to receive the »fuel and quarters of an assistant surgeon of the rank of first lieutenant, and mileage when traveling under orders and not with troops. But these incidents were a part of his contract compensation, and he received them, because they were provided in the contract as a measure of compensation.
The fact that under section 4693, Revised Statutes, he may be entitled to a pension does not enlarge his rights under the Act of 1883, providing for longevity pay. The fourth clause under said section by express designation gives to “ contract surgeons ” the right of an invalid pension, and it is not a question of construction. It does not follow, that because a person may be entitled to an invalid pension under section 4693, by construction he would be entitled to increased longevity pay under the Act of 1883.
The Hendee Case is based upon the theory that, because of the substantial characteristics of the claimant as a soldier, he came within the purpose of Congress in the enactment of the law of 1883.
In the case of Dunn (21 C. Cls. R., 20, 120 U. S. R., 249), which is one of the cases relied upon by the counsel for the claimant, the findings of fact show that the claimant first entered the Marine Corps “ in the eleventh year of his age, as a boy bound for ten years and twenty-two days, to learn music.” But his entering the Marine Corps was by enlistment, with the consent of his parents, and both this court and the Sujireme Court regarded it as an undisputed case of enlistment, the only question considered being whether the Marine Corps was a part of the Army or Navy, or neither. The decision therefore did not relate to the personal relations of the claimant, and is not authority for holding that a contract surgeon is an *307 officer within the intent of the statute now under consideration.
In this case there are wanting those features of military-service, and because of the difference we distinguish this case from the cases relied on by counsel.
The judgment of the court is that the petition be dismissed.