Nott, J.,
delivered the opinion of the court:
The claimant, from 1880 to 1885, was a member of the third class of musicians in the Marine Band, serving in the first term of his enlistment. He was paid at tbe rate of $17 a month, and he seeks to recover at the rate of $23.
*317 The Acts 22d July, 1861, and 29th July, 1861 (12 Stat. L., 270, § 7; 280, § 4), and the Revised Statutes (§ 1280), fix the nay of musicians of the third class at $17 a month. But the Naval Appropriation Act May 3, 1880 (21 Stat. L., 82, 89), contains, under the head of Marine Corps, the following clause:
“Thirty musicians, seven at forty dollars, eight at twenty-six dollars, and fifteen at twenty-three dollars per month each, nine thousand dollars.”
Subsequent appropriation acts, during the claimant’s term of enlistment, did not thus particularize, but simply appropriated “For pay of noncommissioned officers, musicians, and privates” a sum in gross.
An appropriation is per se nothing more than the legislative authorization prescribed by the Constitution that money may be paid out at the Treasury, Frequently there is coupled with an appropriation a legislative indication that the designated amount shall be paid to a person or class of persons, and from such an appropriation a statutory right arises upon which an action may be maintained. Occasionally an appropriation act goes still further, and expressly or by necessary implication changes preexisting law so as permanently to increase or diminish the compensation of an officer, agent, or employé of the Government. (Faris Case, 23 Stat. L., 374).
The Appropriation Act, 1880, manifestly does .not belong to the last class; it does not say or imply that after the then ensuing fiscal year the musicians in the third class of the Marine Baud shall receive $23 a month, and it consequently does not repeal or change the provisions of the then existing statutes. The only question is whether it belongs to the first or the second class of appropriations — whether it merely authorizes the Treasury to pay out money in accordance with other provisions of law, or whether it also creates a statutory right in favor of the musicians to the amounts respectively named as the pay of the different classes — whether, in a word, each and all of the musicians of the third class should have been paid $23 a month for the fiscal year ending June 30th, 1881, instead of the pay permanently prescribed by the Revised Statutes.
We have spoken of the pay of musicians of the third class as fixed at $17 a month; and such is the language of the statute. But the musicians are enlisted men, and the pay prescribed is for their first period of enlistment. With each reenlistment they are entitled by other provisions of law to longevity pay. *318 The pay of a musician of the third class, if it be the period of his first enlistment, is $17 a month ; if it be his second, it is $19; if it be his third, it is $20; if his fourth, $21; if his fifth, $22; if his sixth, $23; if his seventh, $24. Some of these musicians may have entered the Marine Corps at a very early age. In the case of Dunn (21 C. Cls. R., 20, 120 U. S. R., 249) it appeared that the enlistment took place when a boy was less than eleven years of age.
It is not essential for the allowance of longevity pay that the musician shall have previously served as a musician. Two enlisted men may be promoted to be musicians in the band and be assigned to the third class on the same day, and yet the one may be paid $17 a month and the other $24. Again, a man may enter the band during his first term of enlistment, but at the end of a month it may expire and he reenlist. In such a case he would receive for his first month’s service as a musician in the third class $17 and-for his second month’s service $19. With these incessant changes constantly taking place in the pay of the officers, the retired officers, the noncommis-sioned officers, the musicians, and the privates of the Marine Corps the Paymaster-General has for many years anticipated the contingencies of augmented pay by estimating at the higher rates; that is to say, as if every officer and enlisted man were entitled to longevity pay; and Congress, following the estimates, have appropriated accordingly. In the single instance of this one appropriation act, the data of the estimates have crept into the phraseology of the statute, and a superabundance of particularity has well-nigh hidden its intent.
Where a specific appropriation was made as compensation for a specific service, it may be inferred ordinarily that Congress intended that the amount appropriated should be the measure of compensation for that particular fiscal year, be the appropriation greater or less than the statutory salary of the office; but where the compensation is contingent or variable, it must be inferred that an appropriation in excess of the minimum salary was intended to provide for contingencies, and not to change the rate of compensation prescribed by other provisions of law.
The judgment of the court is that the petition of the claimant be dismissed.