# UNITED STATES v. LA TOURRETTE.

### APPEAL FROM THE COURT OF CLAIMS.

No. 1087. Submitted January 22, 1894. — Decided February 5, 1894.

A post chaplain in the Army of the United States, commissioned by the President under the act of March 2, 1867, c. 145, § 7, is entitled, in computing his longevity pay under the act of July 15, 1870, c. 294, § 24, (Rev. Stat. § 1262,) to be credited with his service as a chaplain, employed by the officers composing the council of administration, at a military post approved by the Secretary of War, under the act of July 5, 1838, c. 162, § 18, and the acts supplementary thereto.

THIS was a petition filed in the Court of Claims by James A. M. La Tourrette, and prosecuted after his death by his executrix, to recover the sum of $333.75, for longevity pay as a chaplain in the Army from February 7, 1885, to April 26, 1887, inclusive. The facts found by the Court of Claims were in substance as follows:

On February 6, 1865, the claimant was elected and appointed chaplain for the post of Fort Columbus, New York Harbor, by the council of administration at the post, under the provisions of the act of July 5, 1838, c. 162, §.18; and of the supplementary acts of July 7, 1838, c. 194, § 2; March 2, 1849, c. 83, § 3; and February 21, 1857, c. 55, § 2. 5 Stat. 259, 308; 9 Stat. 351; 11 Stat. 163.

The action of the post council was approved by the Secretary of War; and the claimant's appointment or employment as post chaplain was subsequently announced in a special order of the War Department of May 19, 1866, as follows: "Fort Columbus, New York Harbor, is announced as a chaplain post, to date from February 6, 1865, in place of Fort Wood, New York Harbor, discontinued as such from that date. The Reverend James A. M. La Tourrette is announced as post chaplain to Fort Columbus, New York Harbor, from February 6, 1865. He will, in connection with his present duties at Fort Columbus, perform also those of Fort Wood, as heretofore."

Under that appointment, he served until April 6, 1867; but received no commission; it did not appear that he was required to take an oath of office; his employment was not for any fixed or definite time; and he was paid for services on the certificate of the post commander.

· Under the provisions of the act of March 2, 1867, c. 145, § 7, (14 Stat. 423,) he was nominated by the President to the Senate for appointment as post chaplain, March 18; confirmed by the Senate, April 3; commissioned accordingly by the President, April 6, to rank from April 3; and formally accepted the appointment, April 27, 1867. On March 23, 1890, he was retired from active service as post chaplain, under the act of June 30, 1882, c. 254. 22 Stat. 118.

His service as chaplain under the act of July 5, 1838, together with his service as post chaplain under the act of March 2, 1867, was continuous and uninterrupted from February 6, 1865, to March 23, 1890.

He was not borne on the Army Register before 1867. In the registers from 1867 to 1878, inclusive, his name appears, with the date of "original entry into service," April 3, 1867. The registers from 1879 to 1881, inclusive, refer to that date as "date of commission;" and these registers, as well as those for 1882 and since, record the beginning of his service as chaplain of a post, February 6, 1865, and as post chaplain, April 3, 1867, accepted April 27, 1867.

From April 27, 1867, to March 23, 1890, he was paid his salary, with longevity pay, computed for the most part by crediting him with his service from February 6, 1865; but since February 6, 1885, with his service from April 27, 1867, only. If he is to receive credit for the time from February 6, 1865, to April 26, 1867, the longevity pay due him is the sum of $333.75, more than he has received.

On these facts, the Court of Claims decided, as a conclusion of law, "that the decedent, during his service from February 6, 1865, to April 26, 1867, was in the Army of the United States, within the meaning of the law," and therefore entitled to recover the sum claimed, and gave judgment accordingly.

· The United States appealed to this court.

*Mr. Assistant Attorney General Dodge* and *Mr. Charles C. Binney* for appellants.

*Mr. Joseph W. Striker* for appellee.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

This claim for longevity pay is based on the provision of the act of July 15, 1870, c. 294, § 24, reënacted in the Revised Statutes, by which "there shall be allowed and paid to each commissioned officer below the rank of brigadier-general, including chaplains and others having assimilated rank or pay, ten per centum of their current yearly pay for each term of five years of service." 16 Stat. 320; Rev. Stat. § 1262.

"Service" in this statute evidently, as both parties admit, means military service; and the question is whether the claimant was in that service from February 6, 1865, to April 26, 1867.

This question is best answered by reading the provisions of previous acts of Congress, referred to by counsel, which are as follows, the significant words being printed below in italics:

By the act of July 5, 1838, c. 162, § 18, "it shall be lawful for the officers composing the council of administration at any post, from time to time, to *employ* such *person* as they may think proper *to officiate as chaplain*, who shall also perform the duties of schoolmaster at such post; and the *person so employed* shall, on the certificate of the commanding officer of the post, *be paid* such sum *for his services*, not exceeding forty dollars *per month*, as may be determined by the said council of administration, *with the approval of the Secretary of War;* and *in addition to his pay*, the said chaplain shall be allowed four *rations* per diem with *quarters and fuel*." 5 Stat. 259.

By the supplementary act of July 7, 1838, c. 194, "the *posts at which chaplains* shall be allowed shall be limited to the number of twenty, and shall be first *approved by the Secretary of War*, and shall be confined to places most destitute of instruction." 5 Stat. 308.

By the act of February 11, 1847, c. 8, § 7, "during the war

with Mexico, it shall be lawful for the officers composing the councils of administration of the several regiments constituting a brigade, either regular or volunteer, in the service of the United States, to employ some proper person to officiate as chaplain to such brigade:" "Provided that the *chaplains now attached to the regular army and stationed at* different *military posts* may, at the discretion of the Secretary of War, be required to repair to the Army in Mexico whenever a majority of the men at the posts where they are respectively stationed shall have left them for service in the field; and should any of *said chaplains refuse* or decline to do this when ordered so to do by the adjutant-general, *the office of such chaplain shall be deemed vacant, and the pay and emoluments thereof be stopped.*"    9 Stat. 124.

By § 3 of the act of March 2, 1849, c. 83, entitled "An act to provide for an increase of the medical staff, and for no additional number of *chaplains of the Army of the United States,*" the provisions of the act of 1838 "are extended so as to authorize the employment of ten additional *chaplains for military posts of the United States.*"    9 Stat. 351.

By § 1 of the act of February 21, 1857, c. 55, entitled "An act to increase the pay of *officers of the Army,*" the pay of commissioned officers of the Army is increased; and by § 2, it is provided "that the Secretary of War be authorized, on the recommendation of the council of administration, to extend the *additional pay herein provided* to any person *serving as chaplain at any post of the Army.*"    11 Stat. 163.

By the act of July 17, 1862, c. 200, § 9, "the compensation of *all chaplains in the regular or volunteer service* or army hospitals shall be one hundred dollars per month and two rations a day when on duty;" "*chaplains employed at the military posts called 'chaplains' posts'* shall be required to reside at the posts; and *all chaplains in the United States service shall be subject to such rules in relation to leave of absence from duty as* are prescribed for *commissioned officers* of the United States Army *stationed at such posts.*"    12 Stat. 595.

By the act of April 9, 1864, c. 53, § 1, "the *rank of chaplain*

without command *in the regular and volunteer service of the United States* is hereby recognized;" by § 2, the pension act of July 14, 1862, c. 166, is "so amended as to include *chaplains in* the regular and volunteer forces of *the Army*;" and by § 3, "it shall be the duty of *chaplains in the military service of the United States to make* monthly *reports* to the adjutant-general of the Army, *through the usual military channels, of the* moral condition and general history of the regiments, hospitals or *posts to which they may be attached.*" 13 Stat. 46.

These acts, all of which were passed before the period in question, unequivocally show that such chaplains as the claimant was during that period — being employed, by the officers composing the council of administration at the post, to officiate as chaplain, and actually serving as such, at a military post of the United States, with the approval of the Secretary of War; receiving monthly for their services a sum approved by him, and allowed, in addition to their pay, rations and quarters; subject to the same rules as to leave of absence from duty as commissioned officers of the Army; required to report monthly to the adjutant-general of the Army through the usual military channels; and called indifferently "chaplains attached to the regular army and stationed at military posts," or "chaplains of the Army of the United States" — should be considered, according to the understanding and intention of Congress, as holding the office and rank of chaplain in the Army, and consequently as in the military service, within the meaning of the longevity pay act.

Moreover, the act of March 2, 1867, c. 145, § 7, (under which the claimant was afterwards commissioned,) by providing that "the post chaplains now in service," as well as those thereafter to be appointed, should be commissioned by the President, distinctly recognized that the former were already in "service," which, in this act, as in the longevity pay act, clearly means the military service of the United States. 14 Stat. 423.

*Judgment affirmed.*