BaeNey, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff is a private in the United States Army, belonging to a company assigned to duty as a part of the prison guard at the military prison at Fort Leavenworth, Kans., and this suit is brought to secure extra-duty pay at the rate of 35 cents per day during the whole period covered by such service. The decision as to such right of recovery depends upon the construction to be given to several statutes; and an examination of the history of the legislation on this subject as well as its administration is necessary for its better understanding.
For several years prior to March 3, 1909, the Army appropriation acts had provided for extra-duty pay “ for prison overseers designated by the War Department for the confinement of general prisoners, and for noncommissioned officers of the United States Military Prison Guard”; and pursuant to such appropriation such noncommissioned officers have since been paid a per diem of 35 cents for every day in the year, including Sundays.
The appropriation acts mentioned made no provision for extra-duty pay to the privates who were members of said Military Prison Guard, and this fact was called to the attention of the military committees of Congress by the War ■Department and a recommendation was made that provision be made for the payment of extra-duty pay to both noncom-missioned officers and privates. In response to this recommendation Congress in the Army appropriation act * of March 3, 1909, and every Army appropriation act since, under the general heading, “ Quartermaster’s Department,” and the side heading “Incidental Expenses,” in which a great number of items are provided for, and for which more than two million of dollars in the aggregate is appropriated, omitted the above provision for extra-duty pay to non-commissioned officers and put in its place the following provision: “For prison overseers at posts designated by the War Department for the confinement of general prisoners, and for the United States Military Guard.” Since the passage of these latter appropriation acts such noncommissioned officers have continued to receive 35 cents per day extra-duty *278 pay for every day in tbe year, but the privates have only received such pay for about one-third or one-fourth of the time. The reason for this discrimination and curtailed allowance to the privates was that on July 3, 1909, the Secretary of War issued an order making an allowance of only $7,500 out of the gross appropriation before mentioned for the payment of 35 cents per day for such members of the military guard at the United States military prisons as should be “ detailed on extra duty in accordance with existing regulations.” It is hardly necessary to say that the sum thüs allowed was not sufficient to pay all of the privates of the military guard 35 cents per day for every day in the year, and the prison authorities divided it among them by formally detailing them in sections for this service, although as a matter of fact such detail did not affect the duties performed by them. They were all indiscriminately on the same duty whether thus in form detailed or not.
It is contended by the plaintiff that by the express terms of the above appropriation acts provision was made for extra pay for the whole United States Military Prison Guard, and other statutes are looked to for the purpose of ascertaining the rate of such pay and for no other purpose. It is said that it is unreasonable to construe the statute as providing for such pay during only a fraction of the time that a soldier is a member of the prison guard, when as a matter of fact his duties are precisely the same whether under formal detail or not. In this connection attention is called to the decision of this court in the case of Campagna v. United States, 26 C. Cls., 316, 317, where Judge Nott said:
“An appropriation is per se nothing more than the legislative authorization prescribed by the Constitution that money may be paid out at the Treasury. Frequently there is coupled with an appropriation a legislative indication that the designated amount shall be paid to a person or class of persons, and from such an appropriation a statutory right arises upon which an action may be maintained.”
On the other hand, it is contended by the defendants that section 1287, Revised Statutes, and the acts of March 3,1885, 23 St at. L., 359, both of which so far as they relate to this case are hereinafter quoted, have no relation to the case of *279 the plaintiff as fixing his rate of compensation or for any other purpose, for the reason that his duties at the military prison were strictly of a military character; also that he is only entitled to receive extra pay for such days as he was detailed in writing for extra duty, and attention is called to the case of Phillips v. United States, 47 C. Cls., 288, where it was held that an order detailing an enlisted man for recruiting duty did not entitle him to extra pay under section 1235, Revised Statutes.
Section 1287, Revised Statutes, is as follows:
“When soldiers are detailed for employment as artificers or laborers in the construction of permanent military works, public roads, or other constant labor of not less than 10 days’ duration, they shall receive, in addition to their regular pay, the following compensation: Privates working as artificers and noncommissioned officers employed as overseers of such work, not exceeding one overseer for 20 men, 35 cents per day, and privates employed as laborers, 20 cents per day. This allowance of extra pay shall not apply to the .troops of the Ordnance Department.”
The act of March 3,1885, 23 Stat. L., 359, provides as follows :
“That $250,000 of the appropriation for incidental expenses, or so much of the same as shall be necessary, shall be set aside for the payment of enlisted men on extra duty at constant labor of not less than 10 days; and such extra-duty pay hereafter shall be at the rate of 50 cents per day for mechanics, artisans, school-teachers; and clerks at Army, division, and department headquarters, and 35 cents per day for other clerks, teamsters, laborers, and other enlisted men on extra duty.”
We do not see the application of the Phillips ease, supra, to this case. There the court was dealing with the construction of section 1287, Revised Statutes, as somewhat modified by subsequent legislation (but in no way material to the questions involved in this case), and section 1235, Revised Statutes, which provides that “working parties of soldiers shall be detailed for employment as artificers or laborers * * * only upon the written order of the commanding officer, when such detail is for 10 days or more.” In the instant case we are dealing with a provision in an act *280 of Congress appropriating money for a specific purpose, viz, “ for the United States military guard at posts designated by the War Department for the confinement of military prisoners.” It was not necessary to detail the members of this guard for the performance of their duties as such guard according to the terms of section 1235, because (1) they were not to perform work as laborers or artificers, and (2) all the members of this guard were engaged in the performance of one particular duty, viz, acting as a military guard at military prisons. It is true that that was extra duty in the sense that it was not the ordinary duty of a soldier, and thus came within the provision of the act of March 3, 1885, 23 Stat. L., 359, which provides for the rate of pay of enlisted men while on extra duty. But it was not extra duty that required a special detail, as the whole company to which the plaintiff belonged was on detail for this duty and no other.
If we apply the “rule of reason,” Standard Oil Co. v. United States, 221 U. S., 1., in the construction of the statutes in question, to what conclusion does it lead us? For several years prior to the act of March 3,1909, sufra, appropriations had been made by Congress “ for noncommissioned officers of the United States Military Guard,” and out of these appropriations such noncommissioned officers were paid 35 cents per day for every day in the year. By the act just mentioned this provision for noncommissioned officers was stricken out, and the appropriation was made more comprehensive, and was for the United States Military Prison Guard, which, of course, included both noncommissioned officers and enlisted men, and the appropriation has been made in that way ever since. Such change of legislation was made upon the recommendation of the War Department that the same provision be made for extra pay for privates as for noncommissioned officers. In fact it is difficult to see why any distinction should ever have been made between these two classes of enlisted men performing the same service. Since the passage of the act of March 3, 1909, supra, it has been administered by continuing the pay for every day in the year to noncommissioned officers, but giving this pay to privates for only a fraction of the time. Where was *281 there any warrant in the statute for such distinction, and where was there any discretion given in the statute to the War-Department to limit the sum, out of the gross appropriation, to be used for this purpose? We think a reasonable construction of the statute gives to the privates as well as noncommissioned officers this pay for every day in the year.
It follows from the foregoing that the plaintiff is entitled to judgment in the sum of $105.
All concur.