Hat, Judge,
delivered the Opinion of the court:
This is a suit brought by a first lieutenant in the Medical Reserve Corps of the United States Army for longevity pay under the act of June 30, 1882, 22 Stats., 112. The plaintiff claims that he should be allowed longevity pay for his services as contract surgeon from October 1,1903, to July 21, 1908. The petition was dismissed, and the plaintiff now moves the court to gyant him a new trial.
On October 1, 1903, the plaintiff entered into a contract with Col. Charles Smart, Assistant Surgeon General, United States Army, whereby he agreed to perform the services of a medical officer in accordance with Army Regulations pertaining to contract surgeons employed for medical .service with the Army of the United States. The plaintiff was to receive $150 per month for his services, together with certain other emoluments set out in said contract. This compensation was to be in full compensation, and in lieu of all *394 allowances and emoluments; the contract was by its terms to continue in force'one year if not sooner terminated.
An act creating the Medical Reserve Corps was passed by Congress April 23, 1908, 35 Stat., 66; and on July 21, 1908, the plaintiff, while still a contract surgeon, was appointed a first lieutenant in the Medical Reserve Corps, and now claims that under the terms of the act creating that corps and of the provisions of section 1262 of the Revised Statutes and of the act of June 30, 1882, he is entitled to longevity pay, and that the time he served as contract surgeon must be taken into account in computing, the amount of the longevity pay to which he claims he is entitled.
It is a well-established principle, and one very clearly laid down in decisions of this court, that longevity pay must be conferred by statute and not by judicial construction. Bowie v. United States, 45 C. Cls., 48, where the statutes with respect to longevity pay are cited and the conclusion is reached from examination of these statutes that longevity pay must he conferred by statute.
This brings us to a discussion of the provisions of the act of April 23, 1908, in so far as those provisions apply to this case. Section 7 of that act contains this proviso:
“ Provided, That contract surgeons now in the military service who receive the favorable recommendátióii of the Surgeon General of the Army shall be eligible for appointment in said reserve corps without further examination.”
Section 9 of the act is in part as follows:
“ Sec. 9. That officers of the Medical Reserve Corps, when called upon active duty in the service of the United States, as provided in section eight of the act, shall be subject to the laws, regulations, and orders for the government of the Regular Army, and during the period of such service shall be entitled to the pay and allowances of first lieutenants of the Medical Corps with increase for length of service now allowed by law, said increase to be computed only for time of active duty.” [Italics ours.1
The plain meaning of the language quoted above is that officers of the Medical Reserve Corps shall only receive longevity pay while they are on active duty in the active service of the United States in the Medical Reserve Corps. From *395 the terms of this statute it is clear that Congress, in fixing the longevity pay for the officers of this corps, took pains to confine it to the active service performed by these officers while on active duty in this corps. No service performed elsewhere, even though performed in other branches of the military service, can be computed in determining the longevity pay provided for in this statute. Had it been otherwise Congress would not have been so particular in defining just what service would entitle an officer in this corps to receive longevity pay. This legislation is prospective in its character and operation and does not contemplate the computation of former service in fixing the longevity pay of the officers who render service in this corps. To hold that an officer in this corps who had previously rendered service as a contract surgeon is entitled to have his longevity pay as an officer of this corps computed upon service performed by him outside of the corps and before the corps was created would defeat the plain meaning and intent of the statute and would be conferring upon the plaintiff longevity pay by judicial construction and not by statute.
The act of 1908 was “ an act to increase the efficiency of the Medical Department of the United States Army.” The act does not deal with the pay of that department, except incidentally to provide for the pay of the officers of this Medical Reserve Corps, which corps was created by the act and whose status as to pay had to be determined. Nor does the act in any wise deal with contract surgeons, except to make them eligible for appointment to this reserve corps. If Congress had intended to give them any different status with respect to pay than to the other persons who were eligible for appointment in this corps, it would have said so. Not having said so, this court can not read into the statute words which would give the contract surgeons a different status as to pay, and better pay, than all others appointed to this corps, whose members, by the very words of the statute, must perform active duty in this corps before they can receive longevity pay. In making provisions for the pay of the officers of this corps the statute expressly distinguishes the pay provided for them from the pay provided for officers of *396 the Regular Army, and distinctly provides what the pay of these officers shall be; and had Congress intended that former service as contract surgeon should be counted in computing longevity pay under this statute, it would have either said so in terms or it certainly would not have precluded such computation by saying in terms that longevity pay for officers of this corps should be determined by their length of seiwice while on active duty in this corps.
The case of United States v. Hendee, 124 U. S., 309, does not control this case. A careful consideration of that case wi]l disclose the fact that the Supreme Court of the United States was construing a naval appropriation act, in connection with the claim of Hendee that under it he was entitled, in having his longevity pay computed, to have the time counted when he was serving as a paymaster’s clerlt in the Navy. The question in that case was, Was Hendee, while a paymaster’s clerk, an officer of the Navy? The court was therefore construing a particular act and determining whether or not under that act (the act of Mar. 3, 1883, 22 Stat., 473) a paymaster’s clerk was entitled to longevity pay under it. The court in that case did not undertake to lay down any general rule which should govern the construction of future statutes. The court simply said that within the meaning of the act under consideration a paymaster’s clerk was an officer of the Navy, and said: “We are of opinion that the word ‘officer’ is used in that statute in the more general sense, which would include a paymaster’s clerk; that this was the intention of Congress in its enactment; and that the collocation of the words means this, especially when it is added that they ‘ shall receive all the benefits of such actual service in all respects and in the same manner as if said service had been continuous and in the regular Navy.’ ” The Hendee case, supra, p. 313. It thus appears that the court was construing a statute entirely different from the statute under consideration in this case. The act which we are considering contains nothing which would enable this court to hold that it was the intention of Congress to give to a contract surgeon a different status from that of any other member of the Medical Reserve Corps, so far as longevity pay is *397 concerned. In the act under consideration, Congress was careful to define under what circumstances longevity pay could be made to the members of this corps; it left no room for conjecture. It said in so many words that longevity pay could only be made for active service in this corps, thereby precluding such pay for any other service elsewhere. And while in the Hendee case, supra, the statute under consideration might be construed to mean that a paymaster’s clerk was, in the meaning of that act, an officer of the Navy, it does not follow that this court in construing an entirely different statute must hold that a contract surgeon is an officer of the Army.
The plaintiff, however, insists that the case of the United States v. La Tourette, 151 U. S., 572, is conclusive of his right to count his service as a contract surgeon in computing his longevity pay as an officer of the Medical Reserve Corps. La Tourette was a chaplain in the Army, and sued for longevity pay, which it was claimed was due him by virtue of the act of March 2,1867, 14 Stat., 423, and Revised Statutes, section 1262. The former act was an “ act to provide for a temporary increase of the pay of officers of the Army of the United States, and for other purposes.” Section 7 of this act provides:
“ And the post chaplains now in the service, or hereafter to be appointed, shall he commisioned by the President, and all vacancies occurring in the grade of chaplain, which is hereby established to rank as captain of Infantry, shall be filled by the President, by and with the advice and consent of the Senate, and dll Army chaplains shall hereafter be on the same footing as to tenure of office, retirement, allowances for service and pensions, as now provided by law for other officers of the Army.” [Italics ours.]
Here is a statute providing in express terms that the post chaplains now in the service shall be commissioned by the President, and that all Army chaplains — that is, the chaplains commissioned under the terms of this act — shall be on the same'footing as to allowances for service as was then provided by law for other officers of the Army. It was a distinct grant’ of pay to a class of persons mentioned in the statute. The Supreme Court held that La Tourette was in *398 the service, and that the act of March 2,1867, recognized that fact by providing that he as post' chaplain should be commissioned by the President.
But the act of April 23,1908, is entirely different. It does not recognize that contract surgeons are in the service, for the purpose of fixing their pay, nor does it provide that they shall be commissioned, nor does it in any way refer to the pay of contract surgeons, when they are appointed to the Medical Reserve Corps. There is not an intimation anywhere in the act which would authorize the conclusion that Congress intended to grant to contract surgeons appointed to the Medical Reserve Corps any more pay, longevity or other, than to any other person who was eligible for such appointment. And if it may be said that contract surgeons were in the military service, that fact would not entitle them to longevity pay for their service as contract surgeons under the provisions of this act.
In the case of Byrnes v. United States, 26 C. Cls., 302, it was decided that an officer of the Navy who had served as a contract surgeon in the Army can not be held to have been an officer of the Army within the meaning of the act of March 3, 1883, 22 Stat., 473, and is not to be credited with service as contract surgeon in the Army in the computation of his longevity pay as an officer of the Navy. The act of March 3, 1883, was a naval appropriation act, and among other things provided as follows:
“And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the Regular or Volunteer Army, or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all of said service had been continuous, and in the Regular Navy in the lowest grade having graduated pay held by such officer since last entering the service.”
The terms of this statute are much broader and more liberal than are the terms of section 1262, Revised Statutes, under which the plaintiff is claiming. Section 1262 reads as follows:
“There shall be allowed and paid to each commissioned officer below the rank of brigadier general, including chap *399 lains and others having assimulated rank or pay, ten per centum of their current yearly pay for each term of five years of service.”
This last-named section applied only to commissioned officers and to their service as such; but the plaintiff has called our attention to the act of June 30, 1882, which he claims should be read along with the above section of the Revised Statutes. The act of June 30, 1882, was the Army appropriation act, and, under the head of “Pay of the Army,” carried this provision:
“Additional pay to officers for length of service to be paid with their current monthly pay, and the actual time of service in the Army or Navy, or both, shall be allowed all officers in computing their pay.”
Waiving for the moment the question whether this provision appearing in an appropriation act can have any effect as law beyond the fiscal year during which its provisions are effective, it seems that the language used does not include contract surgeons, for they are not officers, and their service is not as officers. The court said in the Byrnes case, supra, page 306:
“ The relations of the claimant to the Army were dependent upon a contract in the ordinary sense of the term. He had no rank, but as part of his compensation he was to receive the fuel and quarters of an assistant surgeon of the rank of first lieutenant, and mileage when traveling under orders and not with troops. But these incidents were a part of his contract compensation, and he received them, because they were provided in the contract as a measure of compensation. Nor does the fact that under section 4693, Revised Statutes, a contract surgeon is entitled to a pension give him the right to longevity pay.”
We do not think an officer who has served as a contract surgeon is entitled to have his service as such contract surgeon counted in the computation of his longevity pay. But in this case it is not necessary to decide whether a contract surgeon is performing service in the Army. The act of April 23, 1908, under which the plaintiff holds his commission as an officer of the Army, fixes the service which entitles him to longevity pay, and that service is active service in the Medical Reserve Corps. No other service in some other *400 capacity in the Army will entitle him to longevity pay under the provisions of that act.
The motion of the plaintiff for a new trial is overruled.
DowNEr, Judge, Booth, Judge, and Campbell, Chief Justice, concur.