Howry, Judge,
delivered the opinion of the court:
Plaintiffs are architects and as such contracted in writing to furnish and deliver the necessary plans, specifications, and details for four officers’ quarters at the naval station of the United States at New Orleans, La. Their compensation was stipulated to be 3J per cent of the contract price, but payment was to be contingent upon the receipt of an acceptable bid for the quarters within the sum of $32,375, including the cost of inspection by the United States. Plans and specifications as originally prepared by the plaintiffs were changed by the addition on the part of the defendants of provisions tending to increase the cost of construction, and these provisions were put into the specifications without plaintiffs’ *123 knowledge. After accepting the plans and specifications, alterations and amendments further increased the cost of construction of the buildings. The advertisement for bids based upon the changed plans and details did not set forth any limit as to the cost of construction, nor were bidders warned that the price of erecting the buildings should be within the available appropriation. No bids having beenreceived the architects were advised that the cost of construction could be brought within the appropriation by certain suggested changes, and they were instructed to revise their work. This they proceeded to do to the point where the changes suggested by the architects themselves had received verbal approval. At this stage of the matter the Bureau of Yards and Docks notified the plaintiffs that their plans would not be used, and the revised work was thereupon suspended.
Defendants demurred to the petition on the ground that as payment by the terms of the contract was to be contingent upon the receipt of an acceptable bid the contingency upon which payment was to be made never arose. This demurrer was overruled for reasons set forth in the report of the cause, 46 C. Cls., R., 478. Since then the proof has made clear matters which at the outset seemed obscure, and we now proceed to consider the merits of the cause.
The findings -show that plaintiffs undertook to perform their part of the agreement by preparing the necessary plans and specifications. But defendants continue to insist that the Government did its part by advertising for bids and as none were received no recovery can be had on the contract. The defendants further insist that a recovery for anything can not be had on grounds presented in argument but not more clearly set forth in the petition.
Plaintiffs do not sue on the contract nor is it urged by them that the contract can be enforced. They do claim that the Government would' not permit them to perform, because they say that the Bureau of Yards and Docks changed the specifications in such manner as to largely increase the cost, of the construction and that many of these changes were made without their knowledge or consent after the specifications had been submitted and accepted; and, secondly, that under the circumstances they should have been given an *124 opportunity to revise their plans and specifications in order to bring the quarters within the appropriation available.
The petition is not as definite as it might have been made at the outset. But it has been frequently decided in this as well as in the appellate court that the forms of pleading in the Court of Claims do not preclude a claimant from recovering, as on an implied contract, what is justly due him upon the facts stated in the petition and proven, although there be no count in the petition on the implied contract.
In Clark v. United States, 95 U. S., 539, it was held that even though the contract had not been reduced to writing and signed by the contracting parties and for that reason in effect prohibited and rendered unlawful any other mode of contracting, nevertheless a parol agreement wholly or partly executed on one side gives the party performing the right to recover the fair value of his property or services as upon an implied agreement for a quantum, meruit.
While plaintiffs did not guarantee a bidder for the work on the plans and specifications prepared by them, and it was their duty to provide for the construction of the buildings within the available appropriation, they did undertake to do so. Their plans and specifications were accepted by the proper officers of the Government under the supposition that the architectural work had been duly performed under the terms of the contract. But the necessary bid was not received presumably because the plans and specifications submitted to bidders did not admit of a price low enough for anyone to bid. Then it was that the Navy Department informed the plaintiffs in writing that no bids had been received and that an estimate had been made of the cost of construction which rendered necessary a revision of the plans to the end that the plaintiffs might comply with the terms of the original agreement. When instructed to proceed with the work of revision so as to bring the cost within the available appropriation and the work of revision was in actual progress, plaintiffs were not aware that changes had been made by the Government which tended to increase the cost of the work of construction. Nor did plaintiffs know that the specifications upon which bids were invited had been so changed, altered, and amended as to probably prevent contractors from making bids.
*125 In any event it would seem to be but fair for the defendants to have given their architects opportunity to complete other and different plans and specifications to meet the exigences of the situation. This was not done. Plaintiffs were denied the opportunity to complete their undertaking. For some unexplained reason whilst the work of revision was in progress and changes had been suggested by agents of the Government which had received the approval of the proper officers, plaintiffs were notified that the officers of the Bureau of Yards and Docks would prepare plans of their own. So it clearly appears that the suspension of the plaintiffs’ work was caused not by any unwillingness on their part to meet the terms of the contract but because of the direct action of the defendants. In Fleming v. Gilbert, 3 Johns, N. Y., 527, the court declared that it was a sound principle that he who prevents a thing being done shall not avail himself of the nonperformance he has occasioned. And in United States v. Peck, 102 U. S., 64, it was declared that the conduct of one party to a contract which prevents the other from performing his part excuses the failure to perform.
The action being for the reasonable value of the work done to the time of the suspension of the contract, the court directs that judgment be entered for the sum of $809.37 in plaintiffs’ favor.