**CARROLL v. UNITED STATES.**

No. 47690.

United States Court of Claims.

Dec. 6, 1948.

Samuel T. Ansell, Jr., of Washington, D. C. (Ansell & Ansell, of Washington, D. C., on the brief), for plaintiff.

John R. Franklin, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

HOWELL, Judge.

This is an action by a major, United States Army retired, to recover the difference between the retired pay of a major with over twenty-four years' service, which he contends he is entitled to receive, and the retired pay of a major with over nine years' service, which he actually has received, in respect of the period March 25, 1945, to the date judgment may be entered herein.

In accordance with the stipulation of facts filed herein by the parties, the plaintiff was appointed second lieutenant, United States Army, on November 1, 1918, and

first lieutenant, United States Army,. on April 10, 1924. On April 1, 1926, while serving in the latter grade, he was retired under the provisions of section 1251, Revised Statutes, 10 U.S.C.A. § 933, for disability incurred in line of duty. He was thereafter paid the retired pay of a first lieutenant with between three and ten years' service until January 12, 1942, when he was recalled to active duty as a first lieutenant, United States Army. He served on active duty in the Army continuously from January 12, 1942, to March 24, 1945. On July 15, 1942, he was appointed captain, Army of the United States, and on June 16, 1943, he was promoted to major, Army of the United States. In this latter rank the plaintiff received the pay of a major with over twenty-four years' service, such service including the time spent on inactive duty on the retired list, in accordance with the provisions of the Pay Readjustment Act of 1942, as amended, 56 Stat. 1037, 37 U.S.C.A. § 101 et seq.

On October 24, 1944, The Adjutant General directed an Army Retiring Board, which had previously been appointed in accordance with section 1246, Revised Statutes, 10 U.S.C.A. § 961, to examine the plaintiff. On November 14, 1944, as a result of its examination of the plaintiff, the board found that he was permanently incapacitated for active service; that his incapacities (with one exception immaterial to this case) were the result of incidents of service; that the incapacities had their onset in June 1944; that they were incurred while the plaintiff was serving on active duty in a higher temporary grade within the meaning of section 4 of the Act of June 29, 1943, 57 Stat. 249, 10 U.S.C.A. § 985c; and that his disabilities were not less than 30 per centum permanent.

On December 12, 1944, the plaintiff's temporary appointment as major was ordered terminated effective March 24, 1945, on which date he was to and did revert to retired status. On December 23, 1944, the proceedings of the Retiring Board were approved by order of the Secretary of War and on December 26, 1944, War Department Special Orders announced advancement of the plaintiff to the grade of major on the retired list of the Army in accordance with the said Act of June 29, 1943.

From March 24, 1945, to the present time, the plaintiff has remained on retired status and has received only the retired pay provided by law for a major with over nine years' service. On June 25, 1945, he submitted to the Finance Officer, United States Army, his claim for the difference between the retired pay of a major with over twenty-four years' service and the retired pay of a major with over nine years' service. This claim was denied by the Assistant Comptroller General by his decision of November 15, 1946, reported at 26 Comp.Gen. 323, for the reason in substance that section 15 of the Pay Readjustment Act of 1942 prohibits the counting of time on inactive duty on the retired list for retired pay purposes.

The question presented upon the foregoing facts for decision by the Court is whether an officer of the Army, who served on active duty as such from November 1, 1918, to April 1, 1926, when he was retired for physical disability in the grade of first lieutenant and who was advanced December 26, 1944, under the provisions of section 4 of the Act of June 29, 1943, to the grade of major on the retired list for additional physical disability incurred while serving temporarily in that grade on active duty during the period January 12, 1942, to March 24, 1945, is entitled to have counted his inactive service on the retired list from April 1, 1926, to January 12, 1942, in computing his retired pay upon reversion to inactive status March 24, 1945.

. The question presented herein depends upon the proper interpretation and application of the Army pay and retirement statutes applicable to the situation of the plaintiff. The pertinent provisions of these statutes are set out as follows:

(a) Section 4 of the Act of June 29, 1943; 57 Stat. 249, under the authority of which the plaintiff was promoted on the retired list and is entitled to receive retired pay for his higher grade: "Any officer of the Regular Army on the retired list who shall have been placed thereon by reason of physical disability shall, if he incurs additional physical disability while serving under a tem-

porary appointment in a higher grade, be promoted on the retired list to such higher grade and receive retired pay computed as otherwise provided by law for officers of such higher grade * * *."

(b) R.S. § 1274, 10 U.S.C.A. § 971, under which the rate of the plaintiff's retired pay was originally fixed: "Officers retired from active service shall receive 75 per centum of the pay of the rank upon which they are retired."

(c) Section 1 of the Pay Readjustment Act of 1942, 56 Stat. .359, as amended by the Act of December 2, 1942, 56 Stat. 1037, under which the plaintiff received active duty pay at the time he was promoted on the retired list and at the time he reverted to inactive status on the retired list:

"That, for the purpose of computing the annual pay of the commissioned officers of the Regular Army and Marine Corps below the grade of brigadier general * * *, pay periods are prescribed, and the base pay for each is fixed as follows:

"The first period, $1,800; the second period, $2,000; the third period, $2,400; the fourth period, $3,000; the fifth period, $3,500; and the sixth period, $4,000.

* * * * * *

"The pay of the fifth period shall be paid to * * * majors of the Army * * * who have completed twenty-three years' service.

"The pay of the fourth period shall be paid to majors of the Army * * * who are not entitled to the pay of the fifth period;

* * * * * *

"Officers of any of the services mentioned in the title of this Act temporarily appointed to higher grades or ranks shall, for the purposes of this Act, be considered officers of such grades or ranks while holding such temporary appointments.

"Every officer paid under the provisions of this section shall receive an increase of 5 per centum of the base pay of his period for each three years of service up to thirty years.

"In computing the service for all pay purposes of officers paid under the provisions of this section, such officers shall be credited with full time for all periods during which they have held commissions as officers of any of the services mentioned in the title of this Act * * * Provided, That for officers in service on June 30, 1922, there shall be included in the computation, in addition to the service set forth above, all service which was then counted in computing longevity pay * * *."

(d) The last paragraph of section 15 of the Pay Readjustment Act of 1942, 56 Stat. 368: "The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

On December 26, 1944, when the plaintiff was promoted on the retired list to the rank of major, he was receiving active duty pay as an officer of such rank with over twenty-three years' service under section 1 of the Pay Readjustment Act of 1942, supra. In addition, at that time under the same statutory provisions he was receiving eight "fogies", each amounting to 5 percent for each three years of his service, for his total of twenty-four years' service. The plaintiff contends that it was the purpose of the Act of June 29, 1943, that upon his reversion to the retired list following his promotion thereon he should receive retired pay computed at the rate of 75 per centum of such active duty pay.

We think plaintiff's contention is correct. The language of section 15 of the Pay Readjustment Act, supra, is clear and unambiguous as to officers who had served in the military or naval forces prior to November 12, 1918. This plaintiff was first appointed on November 1, 1918, and he comes within this provision.

At the time he was promoted on the retired list to the rank of major he was receiving active duty pay based on twenty-three years' service. Under section 1 of the Pay Readjustment Act, which provides that officers on active duty "shall be credited with full time for all periods during which they have held commissions as officers * * *," he was entitled to re-

ceive pay computed at the rate of 75 percent of such active duty pay.

 It should be noted that this provision is limited to officers who serve in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918. Other retired officers are governed by a previous paragraph of section 15 of the Pay Readjustment Act, which provides that they "shall have their retired pay, retainer pay, or equivalent pay, computed as now authorized by law on the basis of pay provided in this Act, which pay shall include increases, for all active duty performed since retirement * * * in the computation of their longevity pay and pay periods * * *." This very clearly limits the period for the computation of their longevity pay to the periods officers had actually served on active duty. This plaintiff has been paid on the basis of the time he served on active duty. Except for the fact that he comes within the provisions of the last paragraph of section 15, he would have been paid all that he is entitled to receive.

The plaintiff is entitled to judgment for the difference between the retired pay of a major with over twenty-four years' service and the retired pay of a major with over nine years' service from March 25, 1945, to the date of judgment herein.

We have examined the authorities set out by the Government in its contention that longevity pay and period pay have historically accrued to active service only. (Bennett v. United States, 19 Ct.Cl. 379; Leonard v. United States, 64 Ct.Cl. 384; Thornley v. United States, 18 Ct.Cl. 111; Faust v. United States, 42 Ct.Cl. 94; Fulmer v. United States, 32 Ct.Cl. 112; Young v. United States, 19 Ct.Cl. 145; Yemans v. United States, 52 Ct.Cl. 388, 395; Bowie v. United States, 45 Ct.Cl. 42, 48, and Byrd v. United States, 103 Ct.Cl. 285, 294), and found that all of these cases have no bearing upon the one before us. All of them involved special facts and obviously none required the consideration of the statute passed by Congress in 1942.

Entry of judgment will be suspended pending the filing of a stipulation by the parties showing the exact amount of the judgment to be awarded plaintiff, computed in accordance with the opinion of the court.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.