The EQUITABLE TRUST COMPANY and Kathleen H. Heisse, as Executors of the Last Will and Testament of John H. Heisse,

v.

The UNITED STATES.

No. 49631.

United States Court of Claims.

Nov. 6, 1957.

Samuel T. Ansell, Jr., Washington, D. C., for the plaintiffs. Ansell & Ansell, Washington, D. C., were on the brief.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Acting Asst. Atty. Gen. George S. Leonard, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

PER CURIAM.

Plaintiffs, as executors of the last will and testament of John H. Heisse, brought suit to recover the difference between the active duty pay and allowances of a lieutenant colonel with over 27 years' service, and the retired pay of a captain with over 6 years' service, for the period from December 14, 1945, through June 12, 1946.

Lt. Col. Heisse's first tour of active duty in the Army began with his appointment as a second lieutenant on August 15, 1917, in the Officers' Reserve Corps. On November 10, 1917, decedent accepted an appointment as a second lieutenant in the Regular Army and served continuously in the Army until retired from active service in the grade of captain on April 6, 1921, by reason of physical disability incident to service. On February 16, 1942, decedent was recalled from the retired list to serve on active duty in the grade of captain. On September 6, 1945, while serving on active duty in the grade of lieutenant colonel, decedent was notified by Special Orders No. 213 that effective December 13, 1945, he would be relieved from further active duty and would revert to his retired status.

On September 8, 1945, decedent underwent a terminal physical examination and, as a result of that examination, he was, on December 3, 1945, ordered to

report to an Army Hospital for observation, treatment, and for appearance before an Army Retiring Board, "if indicated." Apparently the previously issued orders of September 6, 1945 were carried out, when decedent reverted to his retired status on December 13, 1945, and, beginning on the following day, his pay was that of a retired captain with over 6 years' service.

Thereafter, decedent appeared before a retiring board, and on June 17, 1946, the War Department issued orders announcing the advancement of decedent on the retired list from the grade of captain to the grade of lieutenant colonel, effective June 12, 1946, "it having been officially determined that Capt. Heisse incurred additional physical disability, not less than 30 per centum permanent, incident to service while on active duty in temp grade of lt col."

In the suit filed herein on May 11, 1950, plaintiffs contended that during the period December 14, 1945, through June 12, 1946, decedent was actually in an active duty status and should have received active duty pay of a lieutenant colonel with his years of service instead of the retired pay of a captain with over 6 years of service. The ground asserted in support of that contention was that the special orders issued in September providing that decedent would revert to the retired list on December 13, 1945, were rescinded and revoked by the December 3, 1945 orders relative to decedent's hospitalization and possible appearance before a retiring board.

In the opinion and decision issued June 5, 1957, the court held that the December 3 orders did not have the effect urged by plaintiffs but were merely an authorization for decedent to report to a hospital, and that such orders would apply to decedent whether he was in a retired status or in an active duty status in the Regular Army. The court concluded that decedent was effectively retired on December 13, 1945, and the petition seeking active duty pay for the period from December 14, 1945 through June 12, 1946, was dismissed.

In the instant motion plaintiffs urge that the court erred in holding that decedent did not continue in an active duty status for the period in question. After considering the briefs of the parties, we adhere to our former decision and overrule the motion on this issue.

■ As a second ground for plaintiffs' motion, they urge that if decedent was effectively returned to the retired list on December 13, 1945, as the court held he was, then decedent should have been paid the retired pay of a lieutenant colonel with over 27 years' service for the period in suit, i. e., from December 14, 1945, through June 12, 1946, instead of the retired pay of a captain with over 6 years of service for that period, under the provisions of the fourth paragraph of section 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 367–368, 37 U.S.C.A. § 115, and on the authority of the holding of this court in Gordon v. United States, 140 F.Supp. 263, 134 Ct. Cl. 840.

The fourth paragraph of section 15 of the 1942 Act, supra, provides as follows:

"The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

Decedent was serving as an officer in the military forces of the United States prior to November 12, 1918. He was retired from such service in 1921, recalled to active service in 1942, and was released from such service and returned to the retired list in 1945. In Gordon v. United States, supra, the court held that when a retired officer who had served prior to November 12, 1918, was recalled to active service and, following the enactment of the 1942 Act, was returned to inactive status on the retired list, he was

"hereafter retired" within the meaning of the fourth paragraph of section 15 of such act, citing Danielson v. United States, 121 Ct.Cl. 533, 102 F.Supp. 575, and Carroll v. United States, 81 F.Supp. 268, 117 Ct.Cl. 53. Accordingly, we are of the opinion that decedent was entitled, upon his reversion to retired status on December 13, 1945, to receive retired pay computed at the rate of 75 per centum of the active duty pay of a lieutenant colonel with his years of service which he was receiving on active duty at the time of his release.

Defendant does not urge that decedent was ineligible for the increased retired pay in question, but contends rather that plaintiffs did not include such a claim in their petition of May 11, 1950; that the second ground for reconsideration in effect states a new cause of action for the difference between the retired pay of a captain and that of a lieutenant colonel for the period December 14, 1945 through June 12, 1946, and that such new cause of action is barred by the six-year statute of limitations applicable to claims in this court.

We note that the claim for increased retired pay called to our attention in the plaintiffs' motion covers the identical period encompassed by the claim for active duty pay set forth in the petition, and arises out of the same facts alleged in the petition and stipulated by the parties. In Clark v. United States, 95 U.S. 539, 24 L.Ed. 518, the Supreme Court reversed the judgment of the Court of Claims dismissing a petition praying for a judgment for the value of a steamer lost in the Government service. The Supreme Court held that although the contract was not in writing, as required by law, the plaintiff was entitled to recover on an implied contract for *quantum meruit* even though the petition contained no such count. The Court stated, 95 U.S. at page 543:

"If objected that the petition contains no count upon an implied contract for *quantum meruit*, it may be answered, that the forms of pleading in the Court of Claims are not of so strict a character as to preclude the claimant from recovering what is justly due to him upon the facts stated in his petition, although due in a different aspect from that in which his demand is conceived."

This holding was followed in Wood v. United States, 49 Ct.Cl. 119, and Electric Boat Co. v. United States, 66 Ct.Cl. 333. The Federal Rules of Civil Procedure contain a provision covering this sort of situation in the second sentence of Rule 54(c), 28 U.S.C.A. which provides:

"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

See Moore's Federal Practice, Second Edition, Vol. 6, paragraphs 54.60 and 54.62, for comment and cases cited therein. In the instant case, this particular relief is not only covered by the facts alleged by plaintiffs and admitted by defendant, but is encompassed in the prayer for "such other and further relief as the nature of the case may require and to the Court may seem just and proper."

To the extent that plaintiffs seek judgment for the difference between the retired pay of a captain with over 6 years of service and the retired pay of a lieutenant colonel with over 27 years of service for the period December 14, 1945 through June 12, 1946, the motion is granted. The former judgment of dismissal is vacated and withdrawn, and judgment will be entered in accordance with this opinion. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.