Walter L. **SHERFEY**
v.
**UNITED STATES.**
No. 324–56.

United States Court of Claims.
Jan. 15, 1958.

Guy Emery, Washington, D. C., for plaintiff. Penrose Lucas Albright and Ansell & Ansell, Washington, D. C., were on the briefs.

Kendall M. Barnes, Washington, D. C., with whom was Acting Asst. Atty. Gen. Geo. S. Leonard, for defendant. Sondra K. Slade, Washington, D. C., was on the brief.

LITTLETON, Judge.

Plaintiff sues to recover additional retired pay which he claims is due him under the provisions of paragraph 4 of section 15 of the Pay Readjustment Act of June, 16, 1942, 56 Stat. 359, 368, 37 U.S.C.A. § 115, which provides that:

> "The retired pay of any officer of any of the services mentioned in the title of this Act [Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service] who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

Plaintiff served on active duty as a member of the military forces of the United States prior to November 12, 1918. He was retired from the United States Army on November 30, 1932, for physical disability. On May 15, 1940, plaintiff was recalled to active duty and served thereon until July 31, 1948, when he was returned to inactive status on the Regular Army retired list. On plaintiff's last day of active duty he was receiving the active duty pay of a lieutenant colonel with over 30 years' service, which included approximately 7 years of inactive service on the retired list. Plaintiff's retired pay was computed by the War Department under the provisions of section 203(a) of the Act of June 29, 1948, 62 Stat. 1085[1], which did not permit credit for his years of service on the retired list to be included in the computation of retired pay and plaintiff was therefore only credited with his

---

[1]. Now 10 U.S.C.A. § 3991.

23 years of active service. Section 203 (a) of the 1948 Act provides in part as follows:

> "Each commissioned officer of the Regular Army or of any reserve component of the Army of the United States, and each commissioned officer of the Regular Air Force or of any reserve component of the Air Force of the United States, heretofore or hereafter retired or granted retirement pay under any provision of law shall be advanced on the applicable officers' retired list to the highest temporary grade in which he served satisfactorily for not less than six months while serving on active duty, as determined by the cognizant Secretary, during the period September 9, 1940, to June 30, 1946, and shall receive retired pay at the rate prescribed by law, computed on the basis of the base and longevity pay which he would receive if serving on active duty in such higher grade: *Provided,* That retired pay of such highest grade *shall be without credit for service on the retired list.*" [Italics supplied.]

Plaintiff contends that his retired pay should have been computed in accordance with the provisions of paragraph 4 of section 15 of the Pay Readjustment Act of 1942, supra. Such a computation would have given plaintiff credit for *all* of his service, both on active duty and on the Regular Army retired list, inasmuch as the active duty pay he was receiving at the time of his retirement in 1948 was based on all of such service.

■ In Gordon v. United States, 1956, 140 F.Supp. 263, 134 Ct.Cl. 840, the court held that the expression "hereafter retired" used in paragraph 4 of section 15 of the 1942 Pay Readjustment Act was intended to include not only officers retired after the enactment of the 1942 law, but also officers already on the retired list who, after a recall to active duty, were released to inactive duty on the retired list subsequent to the passage of the 1942 law. Both Gordon and the instant plaintiff served in the armed forces prior to November 12, 1918; both were placed on the retired list prior to the passage of the 1942 statute; both were recalled to active duty and, subsequent to the passage of the 1942 law, were released to inactive duty on the retired list. The only difference in the two cases lies in the fact that Gordon returned to inactive duty on the retired list in 1943, prior to the enactment of the Act of June 29, 1948, supra, and plaintiff herein returned to inactive duty on the retired list shortly after the enactment of the 1948 Act.

■ In its motion for summary judgment defendant takes the position that section 203(a) of the 1948 Act deprives officers who had served in the military forces prior to November 12, 1918, of the benefits of paragraph 4 of section 15 of the 1942 Pay Readjustment Act. We are unable to agree with that contention. We are of the opinion that there was no repeal of paragraph 4 of section 15 of the 1942 Act contained in any part of the 1948 Act. On the contrary, section 205(b) of the 1948 Act expressly reserves to officers like this plaintiff, the benefits of the 1942 legislation. Section 205(b) provides in part as follows:

> "Nothing contained in this title [Title II] shall be construed to deprive any person of any higher retired grade or rank, *or any greater retired or retirement pay to which he or she may be entitled under any other provision of law.* * * * [Italics supplied.]"

Paragraph 4 of section 15 of the 1942 Act is certainly another "provision of law" under which this plaintiff is entitled to greater retirement pay than that accorded him by section 203(a) of the 1948 Act. Defendant does not mention in its brief the effect of section 205(b) of the 1948 Act. Defendant does seem to suggest that a holding that paragraph 4 of section 15 of the 1942 Act remains in effect after the passage of the 1948 Act, would nullify the pro-

visions of section 203(a) of the latter act. This, of course, is not the case. Only those few remaining officers who had served prior to November 12, 1918, would be unaffected by the provisions of section 203(a) of the 1948 Act, whereas the vast majority of officers ·would fall within the coverage of the 1948 provision.

That Congress did not intend to repeal paragraph 4 of section 15 of the 1942 Pay Readjustment Act is further evidenced by section 531(b) (34) of the Career Compensation Act of 1949, 63 Stat. 839, 37 U.S.C.A. § 115, which provides as follows:

"(b) The following Acts and parts of Acts are here repealed:

\* \* \* \* \* \*

"(34) The Act of June 16, 1942 (56 Stat. 359), as amended, *except \* \* \* paragraph 4 of section 15 of such Act, as amended.*" [Italics supplied.]

 Since plaintiff served on active duty prior to November 12, 1918, and was "hereafter retired" within the meaning of paragraph 4 of section 15 of the 1942 Pay Readjustment Act, he is entitled to have his retired pay computed at the rate of 75 percent of the active duty pay he was receiving at the time he was returned to inactive duty on the retired list of the Regular Army in 1948. Plaintiff's active duty pay at the time of his release to inactive duty on the retired list was that of a lieutenant colonel with over 30 years of service. Inasmuch as he was only paid at the rate of 75 percent of the active duty pay of a lieutenant colonel with over 23 years' service (omitting his more than 7 years on the retired list), he is entitled to judgment for so much of the difference in pay due him as is not barred by the statute of limitations. Plaintiff's petition was filed July 26, 1956. In computing plaintiff's retired pay in 1948, the War Department erroneously interpreted the law, and plaintiff is therefore entitled to recover for the period commencing July 1, 1950, and continuing until judgment herein. Gordon v. United States, supra; Cannon v. United States, Ct.Cl.1956, 146 F.Supp. 827.

Defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted. Plaintiff is entitled to recover and judgment is entered to that effect with the amount of recovery to be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

LARAMORE, Judge, took no part in the consideration and decision of this case.