Edward Lewis FIELD

v.

UNITED STATES.

No. 525-53.

United States Court of Claims.
Jan. 15, 1958.

Guy Emery, Washington, D. C., for plaintiff. Ansell & Ansell were on the briefs.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Sondra K. Slade, Washington, D. C., was on the brief.

LITTLETON, Judge.

Plaintiff sues to recover additional retired pay which he claims is due him under the provisions of paragraph 4 of section 15 of the Pay Readjustment Act of June 16, 1942, 56 Stat. 359, 368, 37 U.S.C.A. § 115, which provides as follows:

"The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

Plaintiff served on active duty with the United States Army prior to November 12, 1918. On December 31, 1935, he was retired for physical disability in the grade of captain. On October 27, 1941, plaintiff was recalled to active duty and served thereon continuously until October 16, 1946. While serving on active duty, plaintiff, on June 28, 1946, was promoted to the rank of colonel. From then until his return to the retired list in October, he received the active duty pay of a colonel with over 28 years of service, active and inactive.[1] Upon plaintiff's reversion to inactive status on the retired list on October 16, 1946, his retired pay was computed at the rate of 75 percent of the active duty pay of a captain with over 23 years of service. On June 29, 1948, plaintiff was advanced on the retired list to the grade of lieutenant colonel and from that date has received retired pay computed at the rate of 75 percent of the active duty pay of a lieutenant colonel with over 23 years' service.[2]

Plaintiff contends that on the occasion of his return to the retired list on October 16, 1946, his retired pay should have been computed in accordance with the provisions of paragraph 4 of section 15 of the Pay Readjustment Act of 1942, set forth above. Such a computation would have resulted in plaintiff's having received retired pay at the rate of 75 percent of the active duty pay of a colonel with more than 28 years of active and inactive service which was the active duty pay he was receiving at the date of his reversion to the retired list.

On the basis of the language of paragraph 4 of section 15 of the 1942 Act as interpreted by this court in the case of Gordon v. United States, 140 F.Supp. 263, 134 Ct.Cl. 840, plaintiff herein was "hereafter retired" within the meaning of that act, and, because he had served in the military forces of the United States prior to November 12, 1918, he was entitled to have his retired pay computed on the basis of 75 percent of the active duty pay he was receiving on October 16, 1946. Sherfey v. United States, Ct. Cl., 157 F.Supp. 936.

In its motion for summary judgment, defendant takes the same position in the instant case that it took in the Sherfey case, supra, and urges that section 203 (a)[3] of the 1948 Act, 62 Stat. 1085, in some way operates to deprive officers, who

[1]. The eleventh paragraph of section 1 of the Pay Readjustment Act of 1942, supra, was amended by the Act of December 2, 1942, 56 Stat. 1037, to provide that the active duty pay of officers should credit for pay purposes "full time for all periods during which they have held commissions as officers of any of the services mentioned in the title of this Act, * * *." Under this provision, plaintiff's active duty pay was computed not only on the basis of his years of active duty, but also his years of inactive duty on the retired list.

[2]. This advancement on the retired list and increase in retired pay was apparently the result of the Army's belief that section 203(a) of the Act of June 29, 1948, 62 Stat. 1085, 10 U.S.C.A. § 1002, discussed hereinafter, was applicable to plaintiff.

[3]. Section 203(a) provides as follows: "Each commissioned officer of the Regular Army or of any reserve component of the Army of the United States, and each commissioned officer of the Regular Air Force or of any reserve component of the Air Force of the United States,

would otherwise qualify, of the benefits of paragraph 4 of section 15 of the 1942 Pay Readjustment Act. The only factual difference between this case and the Sherfey case is that Sherfey reverted to inactive status on the retired list after the passage of the 1948 Act and plaintiff herein was returned to the retired list prior to the effective date of the 1948 Act. As we stated in our decision in the Sherfey case, paragraph 4 of section 15 of the 1942 Act was not repealed by the 1948 Act. On the contrary, section 205 (b) of the 1948 Act, 10 U.S.C.A. § 1007, reserves to officers such as plaintiff the benefits of the 1942 legislation. Section 205(b), 62 Stat. 1085, provides in part, as follows:

> "Nothing contained in this title [Title II] shall be construed to deprive any person of any higher retired grade or rank, or any greater retired or retirement pay to which he or she may be entitled under any other provision of law. * * * "

Furthermore, when the 1942 Act was repealed by the Career Compensation Act of 1949, 63 Stat. 839, paragraph 4 of section 15 was expressly excepted from such repeal. Section 531(b) (34), 37 U.S.C.A. § 115 note.

Since plaintiff served on active duty prior to November 12, 1918, and was "hereafter retired" within the meaning of paragraph 4 of section 15 of the 1942 Pay Readjustment Act, he is entitled to have his retired pay computed at the rate of 75 percent of the active duty pay he was receiving on October 16, 1946, when he was returned to inactive duty on the retired list. Plaintiff's active duty pay at the time of his return to the retired list was that of a colonel with over 28 years of service.

Plaintiff was erroneously paid retired pay computed at the rate of 75 percent of the active duty pay of a captain with over 23 years of service from October 16, 1946, to June 29, 1948, and at the rate of 75 percent of the active duty pay of a colonel with over 23 years of service from June 29, 1948. He is entitled to receive the difference between the pay he has received and retired pay properly computed on the basis of 75 percent of the active duty pay of a colonel with over 28 years of service to the extent that his claim for such increased retired pay is not barred by the statute of limitations.

Plaintiff concedes that he is entitled to recover only those installments of retired pay which were due and not paid during the six years prior to the filing of his petition on September 4, 1953. He urges he is entitled to recover for the period commencing September 1, 1947, and continuing until judgment herein. Gordon v. United States, supra; Cannon v. United States, Ct.Cl.1956, 146 F.Supp. 827.

Defendant concedes that under the ruling in the Gordon case, supra, plaintiff is entitled to recover all installments of pay which were due and unpaid during the six years prior to the filing of his petition. Defendant contends, however, that plaintiff did not assert his right to the benefits of paragraph 4 of section 15 of the 1942 Pay Readjustment Act until the filing of his second amended petition on October 2, 1956, and that therefore he is entitled to recover only back to October 1, 1950.

It is true that the original and first amended petitions in this case did not specifically state a claim under paragraph 4 of section 15 of the Pay Readjustment Act of 1942. However, the 1942 Act was cited in the petition. The period encom-

---

heretofore or hereafter retired or granted retirement pay under any provision of law shall be advanced on the applicable officers' retired list to the highest temporary grade in which he served satisfactorily for not less than six months while serving on active duty, as determined by the cognizant Secretary, during the period September 9, 1940, to June 30, 1946,

and shall receive retired pay at the rate prescribed by law, computed on the basis of the base and longevity pay which he would receive if serving on active duty in such higher grade: *Provided*, That retired pay of such highest grade shall be without credit for service on the retired list."

passed by the claim in the second amended petition is the same period as that set forth in the two earlier petitions, and the same facts which give rise to the present claim were alleged in the earlier petitions. Plaintiff has abandoned his claims for increased disability retired pay asserted in the original and first amended petition, and, on the same facts alleged in the original petition, is now seeking to recover only the benefits to which he is entitled under paragraph 4 of section 15 of the 1942 Act. Rule 18(c) of the Rules of the Court of Claims, 28 U.S.C.A., provides as follows:

> "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Plaintiff's situation would appear to come within the scope of the above quoted rule. In the case of Equitable Trust Company, et al. v. United States, Ct.Cl., 155 F.Supp. 749, plaintiff in a motion for a new trial asserted for the first time a claim for increased retired pay under paragraph 4 of section 15 of the 1942 Pay Readjustment Act. Defendant resisted the motion for a new trial on the ground that the claim for the 1942 Act benefits had not been pleaded by the plaintiff, and that if such new cause of action was being pleaded at the time of the motion for a new trial, it was barred by the statute of limitations. The court held that the claim for increased retired pay, asserted for the first time in plaintiff's motion for new trial, covered the identical period encompassed by the claim asserted in the petition and arose out of the same facts alleged in the petition. The court held that the forms of pleading in this court are sufficiently flexible to permit the plaintiff to recover what is justly due him upon the facts stated in his petition, citing Clark v. United States, 95 U.S. 539, 24 L.Ed. 518; Wood v. United States, 49 Ct.Cl. 119, and Electric Boat Co. v. United States, 66 Ct.Cl. 333. The court also quoted Rule 54(c) of the

Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even though the party has not demanded such relief in his pleadings.

Inasmuch as it appears that plaintiff would be entitled to recover the retired pay to which he is entitled under the 1942 Act on the facts alleged in his original petition, despite his failure to demand such relief in that petition, we cannot see how he is prejudiced by demanding that relief in an amended petition. On the basis of our Rule 18(c) and the holding of this court in Equitable Trust Company v. United States, supra, plaintiff is entitled to recover all installments of increased retired pay which were due and not paid from September 1, 1947, to the date of judgment herein and judgment will be entered in accordance with this opinion. The amount of recovery will be determined pursuant to Rule 38 (c).

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

LARAMORE, Judge, took no part in the consideration and decision of this case.