Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues for the additional retired pay to which he claims he is entitled. He is now receiving the retired pay of a lieutenant colonel with over 15 years’ service, but he *480 claims be is entitled to tbe retired pay of a colonel witb over 15 years’ service.
From July 1, 1927, to June 11, 1931, be served as a cadet in tbe United States Military Academy. After graduation therefrom, be was appointed a second lieutenant, and he continued to serve as an officer of the United States Army until November 30, 1941, when be was retired for physical disability. Nineteen days later be was recalled to active duty and continued to serve on active duty until August 16, 1947, when he was released from active duty. At this time be was receiving the active duty pay of a colonel, witb over 15 years’ service.
After his recall to active duty on December 19, 1941, be served in his former rank of captain until June 5,1942, when he was promoted to major, in which grade he served until April 30, 1943, when he was promoted to lieutenant colonel. On June 23, 1947, he was promoted to colonel, in which grade he continued to serve until he was released from active duty on August 16,1947.
On his release from active duty on August 16, 1947, he was paid the retired pay of a lieutenant colonel, under the provisions of section 203(a) of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, 62 Stat. 1081,1085, which provided for the advancement on the retired list of officers to the highest temporary grade in which he had satisfactorily served for not less than six months during the period from September 9, 1940, to June 30, 1946. Plaintiff, however, claims that he is entitled to the retired pay of a colonel, because of the provisions of section 203 (f) of the above Act. This section provides, in part, that a commissioned officer of the Regular Army, or of a reserve component, “retired or granted retirement pay under any provision of law on or after August 7, 1947, but not later than January 1,1957, while serving on active duty in a temporary grade not higher than that of major general shall be advanced on the applicable officers’ retired list to such grade, and shall receive retired or retirement pay at the rate prescribed by law, computed on the basis of .the base and longevity pay which he would receive if serving on active duty in such higher grade * *
*481 Plaintiff claims that, notwithstanding the fact that he was on the retired list for 19 days from November 30 to December 19,1941, he was nevertheless “retired or granted retirement pay” upon his release from active duty on August 16,1947.
Plaintiff’s position is fully supported by our previous decisions in Sherfey v. United States, 141 C. Cls. 307; Field v. United States, 141 C. Cls. 312, cert. den. 357 U.S. 926; Gordon v. United States, 134 C. Cls. 840; Travis v. United States, 137 C. Cls. 148. We reaffirm our holding in those cases, that an officer who had been on the retired list and who was recalled to active duty, and was later released from active duty, must be considered to have been again retired upon his release from active duty.
In addition to what we said in those cases, we call attention to the last sentence of section 203(f), supra, which reads:
No officer shall be ordered to active duty or promoted to any higher temporary grade solely for the purpose of entitling him to retirement in advanced grade pursuant to this subsection.
This is a clear recognition by Congress that a release from active duty of an officer previously retired and recalled to active duty, was a retirement in the sense the words “retired or granted retirement pay” were used in the preceding part of the section. Had not Congress so intended, the quoted sentence would have been entirely unnecessary. It is necessarily to be implied from this restriction on the operation of the section that an officer again retired after his recall to active duty was entitled to the benefit of the section, unless he came within the restriction.
Upon the basis of the prior decisions cited, and of this additional observation, plaintiff’s motion for summary judgment is granted, and defendant’s motion is overruled.
Plaintiff is entitled to recover and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c).
It is so ordered.
Laramore, Judge; MaddeN, Judge, and Jomes, Chief Judge, concur.
*482 In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on September 18, 1959, that judgment for the plaintiff be entered for $3,764.67.