Laeamoee, Judge,
delivered the opinion of the court:
Plaintiff sues for increased retired pay under the provisions of the Career Compensation Act of 1949, 63 Stat. 802, as amended by section 4 of the Act of May 19, 1952, 66 Stat. 79, 80.
The case arises on cross-motions for summary judgment and presents the question of whether the definition of “active service” in section 511(b) of the Career Compensation Act, as amended, gives plaintiff the right to include inactive service as a multiplier in computing retirement pay mider said section.
Briefly stated the facts are these: Plaintiff is a retired officer of the U.S. Naval Reserve who had 37 years of service. Nineteen of those years were served on active duty, 4 at the U.S. Naval Academy, and the remainder, 14, on inactive duty. Plaintiff retired in 1946 pursuant to sections 6 and 7 of the Act of February 21, 1946, 60 Stat. 26, 27.
Section 7 of that Act set forth a formula by which retired pay was to be computed. The formula was the last active duty pay of the retired officer multiplied by a multiplier of 2% percent for each year of his prior service up to a total of 30 years. Prior service consisted of all his years of service included for longevity purposes in determining the officer’s active duty pay. Plaintiff had been entitled to include his active and inactive service for longevity purposes in computing his active duty pay and therefore was entitled to use the maximum number of years, 30, in computing his multiplier. His retired pay was thus his last active duty pay multiplied by 75 percent (30X2% percent).
On October 1,1949 the Career Compensation Act of 1949, 63 Stat. 802, went into effect. Section 511 of this Act affected the retired pay of retired members of the services who, as in plaintiff’s case, had been retired for reasons other than physical disability. The Act provided two methods of computing retired pay and entitled the retired member to receive *121 tlie pay computed by the method which would result in a greater amount.
Section 511 (a) of the Act sets out the “Saved Pay” method which entitled the retired member to receive the same amount of pay he had been receiving pursuant to the act he retired under, if that amount was greater than allowed by the method provided in section 511 (b) of the Career Compensation Act, sufra. Section 511 (b) entitled the member to compute his retired pay using a formula which utilized the new active duty basic pay rates. These new rates were provided in another section of the Career Compensation Act and were higher than those in effect when plaintiff retired. The section 511(b) formula consisted of the basic pay for the rank of the retired member multiplied by a multiplier of 2% percent for each year of his active service up to a maximum of 75 percent. Active service was defined as limited to service spent on active duty. In 1952 the portion of section 511 (b) defining active service was retroactively amended by section 4 of the Act of May 19,1952, 66 Stat. 79, 80.
The pertinent portions of the definition of “active service” in section 511(b) of the Career Compensation Act of 1949, 37 U.S.C. §311 (1958), read as follows [1952 amendment italicized] :
* * * Provided further, That for the purposes of this section, the term “active service” as used herein shall mean all service as a member or as a former member of the uniformed services, service as a cadet or midshipman in the case of those members appointed to the United States Military Academy prior to August HI, 1912, or to the United States Naval Academy prior to March 4,1913, if such service was creditable for longevity pay purposes at the time of retirement, or as a nurse, or as a contract nurse prior to February 2, 1901, or as a reserve nurse * * * while on the active list or on active duty or while participating in full-time training or other full-time duty provided for or authorized in the National Defense Act, as amended, the Naval Reserve Act of 1938, as amended, or in other provisions of law, * * *.
The Navy Finance Center determined that with this amendment the plaintiff was entitled under section 511(b) to 57% percent as a multiplier because he had spent 19 years *122 on active duty and 4 years at the U.S. Naval Academy prior to March 4,1913. However, the amount he would thus receive under section 511(b) was less than the amount he was receiving pursuant to section 7 of the Act of February 21, 1946, using 75 percent as a multiplier against the lower basic active duty pay rates in effect at that time. Accordingly, plaintiff was paid his original retired pay under section 511 (a) of the Career Compensation Act until April 1, 1955, when the amount he would receive under section 511 (b) became greater than the original amount. He has since been receiving retired pay computed according to section 511 (b) using 5714 percent as a multiplier.
Plaintiff asserts that the definition of active service in the amendment of section 511(b) should be read as follows: ut. * * active service * * * shall mean all service as a member or as a former member of the uniformed services, * * * if such service was creditable for longevity pay purposes at the time of retirement * * *”. He argues that the last phrase of the amendment relates directly back to the basic definition of “active service” and is not limited in reference to the first part of the amendment concerning service at the military academies. Therefore, plaintiff claims that the 30 years of service he had been credited with for longevity pay purposes at the time of his retirement under the Act of February 21, 1946 should be included in determining his multiplier under section 511(b) even though that 30 years included time spent on inactive duty. He contends that he is entitled to a multiplier of 75 percent against the new basic pay rates of section 511 (b) and that the defendant owes him the difference between the amount of pay he should have received and the amount of pay he actually has received since October 1,1949.
In past cases including Broyderick v. United States, 140 Ct. Cl. 427, 430, and Fagan v. United States, 149 Ct. Cl. 716, this court assumed that section 511(b) of the original act only referred to active duty when calculating years of active service. However, this is the first case in which a different interpretation of section 511 (b), as amended, has been suggested to the court.
*123 Nevertheless, it is our opinion, that the 1952 amendment did not change the overall definition of active service. We believe that the last phrase of the amendment clearly refers only to the first part of the amendment concerning service as a cadet or midshipman at the Military and Naval Academies. Onr opinion is confirmed by the only legislative history which sets forth the purpose of H.R. 5715, 82d Congress, which later became the Act of May 19, 1952. House Conference Report No. 1867 which accompanied H.R. 5715 reads, in part, at page 5, as follows:
The Senate amendment also contained language which would have restored the right to count midshipman service in the case of those retired members of the Navy who were appointed as midshipmen to the United States Naval Academy prior to March 4, 1913. Prior to the enactment of the Career Compensation Act of 1949 service at the Military and Naval Academies was permitted to be used as a multiplier in computing years of service for retirement pay purposes. This was applicable, however, only to men who had entered the Military Academy prior to August 24,1912, and to men who had entered as midshipmen at the United States Naval Academy prior to March 4, 1913. A decision of the Comptroller General properly construed the Career Compensation Act as making inapplicable, for computing “active service,” service at the Academies for the years in question. However, the managers are of the opinion that it was not the intention of the Career Compensation Act to eliminate credit for this type of service which prior to the Career Compensation Act had been creditable for retirement-pay purposes. Thus, the conferees agreed to language contained in the amendment permitting this service to be credited in computing retired pay. Coast Guard personnel would be benefited, by assimilation, in the same manner as naval personnel.
Plaintiff relies on the fact that when H.R. 5715 was drafted no reference was made to section 511 (b). The first reference to section 511(b) occurred in a Senate amendment to the bill which changed “active service” to include:
* * * service as a cadet or midshipman in the case of those members appointed to the United States Naval Academy prior to March 4,1913 [98 Cong. Rec., Part 2, p. 3167 March 31,1952].
*124 The Conference Committee later added the other provisions to the bill, which was then adopted. House Conference Report No. 1867, to accompany H.R. 5715, 82nd Congress. Plaintiff argues that the Conference Committee thereby intended to broaden the bill to include not only service at the Naval Academy but also service at the Military Academy and all other service if it had previously been credited for longevity pay purposes at the time of retirement.
We think this argument is unsound. It is more reasonable to believe that the Conference Committee included service at the Military Academy in the bill to give this service equal treatment with service at the Naval Academy, and then limited the service at both academies to apply only to those retirees who had been credited with this kind of service for longevity pay purposes at the time of their retirement. This is in line with the House Conference Report statements that the amendment was to correct the unintentional mistake in the Career Compensation Act which eliminated previously allowed credit for service at the academies before 1912 and 1913. This explanation of the drafting of the amendment is more logical than implying to the drafters of the bill an unexpressed intention to so broaden the definition of “active service” as to negate its literal meaning.
Furthermore, plaintiff’s interpretation would make superfluous the first part of the amendment dealing with service at the academies. Those retirees with creditable service at the academies at the time of their retirement would qualify for this credit under the last phrase of the amendment standing by itself. We do not think that Congress would have passed the amendment in the form that it did, if it had intended it to be interpreted as plaintiff believes it should. If Congress had so intended, it could have made its intention absolutely clear by only passing the last phrase of the amendment and striking the first phrase as surplusage.
Plaintiff lastly contends that his interpretation of section 511 (b), as amended, is correct because officers who retired after enactment of the Career Compensation Act are entitled for longevity purposes to use their active and inactive years of duty in computing their multiplier, and they use this multiplier against the new pay rates set forth in the *125 Act. He says the purpose of the 1952 amendment was to correct the mistake of the 1949 Act in omitting this same provision for those who retired prior to enactment of the Act. Plaintiff cites Fagan v. United States, supra, in support of the proposition that it was Congress’s intention to treat all retirees alike under the Act, whether they retired prior to or subsequent to its enactment.
The fact of the matter is that those officers who retire subsequent to the enactment of the Career Compensation Act retire pursuant to sections 6 and 7 of the Act of February 21, 1946, supra, as did plaintiff. They are entitled to use their total number of years of service, both active and inactive, in computing their multiplier against the new basic pay rates set forth in the Career Compensation Act, because those are the pay rates in effect at the time they retire and are required by section 1 of the Act of February 21,1946 to be used. This explanation was clearly set forth in Fagan v. United States, supra, in footnote 3.
Therefore, we conclude that the plaintiff is presently correctly receiving retired pay computed in conformity with the provisions of section 511(b) of the Career Compensation Act, as amended, supra, using the appropriate multiplier of 2y2 times years of active service against the appropriate basic pay rates, for the reason 2% times years of all service under laws in effect on the day immediately preceding the date of enactment of the Career Compensation Act, supra, is a lesser amount than 2y2 times years of active service computed at the higher pay rates.
There is one other issue in this case which we would like to briefly mention. As a defense to this action, the defendant had contended that regardless of the merits of plaintiff’s claim, it would be barred by 28 TJ.S.C. § 2501, because it would first have arisen on May 19, 1952, when section 511(b) was amended and plaintiff’s petition had not been filed until September 21, 1961, over six years from the date of the amendment.
Defendant’s contention is incorrect. Under the rule set forth in Gordon v. United States, 134 Ct.Cl. 840, plaintiff’s claim, if valid, would have been a continuing one. His claim was based solely on an interpretation of the statutes and, *126 therefore, tbe statute of limitations would only have acted to bar that portion of his claim which arose prior to the six years before his petition was filed.
The plaintiff’s motion for summary judgment is denied, and the defendant’s motion for summary judgment is granted. The petition is dismissed.
Davis, Judge; Dukfee, Judge; Whitakee, Judge; and JoNes, Chief Judge, concur.