Littleton, Judge,
delivered the opinion of the court:
The plaintiff was paid the active duty pay and has, since his last release from active service, been paid the retired pay, of a commander in the United States Navy. He claims that his pay in both situations should have been that of a captain, and sues for the difference.
The plaintiff was an officer in the Regular Navy. He was retired in 1938 for physical disability, with the rank of lieutenant. In 1939 he was recalled to active duty in the grade of lieutenant. In 1942 he was appointed lieutenant commander on the retired list for temporary active duty, and in 1943 he was similarly appointed commander. He was released from active duty on October 20, 1946.
On November 27, 1946, the plaintiff was advised by the Secretary of the Navy that the Secretary had determined that the highest grade and rank in which the plaintiff had served satisfactorily under a temporary appointment was that of commander, and that he was entitled to that grade and rank, and to retired pay based thereon.
On September 28,1948, the plaintiff was recalled to active duty as a commander, United States Navy, retired. Thereafter, it was determined that plaintiff had received a special commendation by the Secretary of the Navy for his performance of duty in actual combat with the enemy in 1944 while serving on active duty as a retired officer. Accordingly, pursuant to section 412 (a) of the Officer Personnel Act of 1947, 61 Stat. 874, 34 U. S. C., 1946 ed., Supp. I, 410n, plaintiff was, on October 21, 1949, advanced on the retired list to the rank of captain, effective August 7, 1947. August 7, 1947, was the effective date of section 412 (a), discussed hereinafter. Although plaintiff’s rank on the retired list was, in accordance with the above-described actions *694 of the Secretary of the Navy, that of captain, bis rank and pay in bis active duty assignment were not changed and he continued to serve in the rank and receive the pay of a commander until June 21,1951. On June 13,1951, orders were directed to the plaintiff, addressing him as commander, detaching him from his then assignment at Annapolis and ordering him to report for duty to the Chief of Naval Operations in the rank of captain. He served in and received the pay of the rank of captain from June 21,1951, to December 31, 1951. As a result of a ruling of the Comptroller General that section 412 (a), supra, was not applicable to officers in plaintiff’s situation, plaintiff thereafter received only the pay of a commander and he was required, by checking, to pay back that part of the captain’s pay received from June 21, 1951, to December 31, 1951, which was in excess of a commander’s pay.
The Navy, relying on an opinion by its Judge Advocate General that section 412 (a), supra, was applicable to officers such as plaintiff, never revoked or modified its appointment of plaintiff to the rank of captain, although, because of the above-mentioned ruling of the Comptroller General, he was thereafter paid only a commander’s active duty pay and retired pay. Plaintiff continued to serve on active duty as a captain until March 2, 1953, at which date he reverted to the retired list. He was recalled to active duty and served thereon from May 12, 1953, to June 29, 1953, in the grade of captain, but again received only the active duty pay of a commander. Plaintiff’s retired pay from March 3, 1953, to May 12,1953, and from June 29,1953, to the present time has been based on the pay of a commander rather than on the pay of a captain.
The plaintiff resorted to the Board for the Correction of Naval Eecords seeking a decision that he was entitled to the retired and active duty pay of a captain from September 28,1948. His request was denied on the ground that the Board felt itself bound by the decision of the Comptroller General adverse to plaintiff’s claim, in the absence of a contrary decision by this court or further legislation by Congress. The decision of the Board was approved by the Secretary of the Navy.
*695 The decision of this case depends upon the answers to the questions (1) whether subsection 412 (a) of the Officer Personnel Act of 1947, 61 Stat. 874, 34 U. S. C. Supp. I, 410n, applies to an officer who, once having been retired, is recalled to temporary active duty and receives his special commendation for combat duty while so serving, and (2), if so, whether a proper interpretation of section 412 (a) requires (a) that plaintiff be recalled to active duty from the retired list, after the 1947 effective date of his combat promotion to captain, in the grade and with the active duty pay of captain, and (b) whether his retired pay- after the effective date of such combat promotion must be the pay of the rant to which he has been promoted.
Section 412 (a) provides for retirement of specially commended officers at one grade higher than that in which they were serving at the time of retirement. It contains four provisos, in pertinent part as follows:
Sec. 412. (a) All officers of the Navy, Marine Corps, and the Reserve components thereof, who have been specially commended for their performance of duty in actual combat by the head of the executive department under whose jurisdiction such duty was performed, when retired, except officers on a promotion list who may be retired for physical disability, shall, upon retirement, be placed upon the retired list with the rant of the next higher grade than that in which serving at the time of retirement and with three-fourths of the active-duty pay of the grade in which serving at the time of retirement and the grade in which serving at the time of retirement shall be construed to mean the highest grade in which so serving whether by virtue of permanent or temporary appointment therein: Provided, That all officers heretofore and hereafter holding rank or grade on the retired list above that of captain in the Navy or colonel in the Marine Corps solely by virtue of such commendation, if hereafter recalled to active duty, may, in the discretion of the Secretary of the Navy, be so recalled either in the rank or grade to which they would otherwise be entitled had they not been accorded higher rank or grade by virtue of such commendation, or in the rank or grade held by them on the retired list: Provided further, That the provisions of this subsection shall not apply in the case of any officer who has been so commended if the act or service justifying the commendation was performed *696 after December 31, 1946: * * * Provided further, That officers of the classes described in this subsection who have been retired prior to the date of approval of this Act shall be entitled to the benefits of this subsection from the date of approval of this Act: And provided further, That nothing in this subsection shall be held to reduce the retired rank or pay to which an officer would be entitled under other provision of law.
The third proviso quoted above, clearly covered the plaintiff’s special commendation for his conduct in combat in 1944. If the plaintiff’s active service had been continuous until after his exceptionally meritorious conduct in 1944, there could be no question about his entitlement to the benefits of section 412 (a). But, it will be remembered, the plaintiff had been retired for disability in 1938, recalled to active duty in 1939, and in 1944 was serving as a retired officer recalled to active duty. That fact presents the problem of re-retirement, that is, whether statutes granting certain benefits “upon retirement” or “when retired” are applicable to cases of “re-retirement” after recall to active duty.
In the case of Gordon v. United States, 134 C. Cls. 840, the fourth paragraph of section 15 of the Pay Readjustment Act of 1942 was before the court for construction. That provision granted benefits to officers “hereafter retired.” Gordon had been retired before the enactment of the 1942 Act, had been recalled to active duty, and had, after the enactment of the Act, reverted to inactive status. The court held that Gordon was “hereafter retired” within the meaning of the Act. The court relied on its prior decisions in Carroll v. United States, 117 C. Cls. 53, Danielson v. United States, 121 C. Cls. 533, and Reynolds v. United States, 125 C. Cls. 108.
Our conclusion is that Sec. 412 (a) is applicable to plaintiff and that the Navy Department was right in advancing the plaintiff to the grade of captain on the retired list as of August 7,1947.
At the time plaintiff was recalled to active duty on September 28, 1948, he was, as noted above, eligible for the benefits of section 412 (a) and if the Department of the Navy had made the determination in connection with plain *697 tiff’s combat commendation for the 1944 combat service at that time instead of in 1949, we are of the opinion that he would properly have been recalled to active duty in the grade of captain. While section 412 (a) does not specifically require the recall of officers, holding the rank or grade on the retired list of captain or lower by virtue of commendation under section 412 (a), in the rank to which promoted, a reading of the entire section persuades us it is reasonable to infer that such was the intention of Congress. We note in particular the proviso which states that all officers holding the rank or grade on the retired list above that of captain in the Navy solely by virtue of a commendation received under section 412 (a) may, if recalled to active duty, be so recalled in the discretion of the Secretary of the Navy either in the rank or grade held by virtue of such commendation or in the rank or grade from which promoted. From this it appears to us that Congress intended that the Secretary of the Navy should recall officers promoted on the retired list to the grade of captain or under, to active duty in the grade held by them on the retired list by virtue of a section 412 (a) commendation. This interpretation is borne out by Senate Beport 609, 80th Cong., 1st Sess., which reads, in part, as follows:
Title IV of the bill was amended to make it clear that the repeal of the Navy’s authority to advance officers on the retired roll who had received commendations for gallantry in action did not take away any rights which had been earned under the present law. The amendment, while lengthy, is largely of a clarifying nature and makes it clear that all officers, either Begular or Beserve, who have earned this right will be advanced when retired, based either on their temporary or permanent ranks, and when ordered back to active duty will be recalled in the rank to which advanced, with the exception that flag officers will come back in such higher rank at the discretion of the Secretary of the Navy. [Italics supplied.]
On the basis of the language of the statute and its legislative history, we conclude that plaintiff should have been recalled to active duty on September 28, 1948, in the grade *698 of captain and is entitled to receive the active duty pay of that rank for all periods of active duty thereafter.[1]
We are also of the opinion that plaintiff was entitled to receive the retired pay of a captain for all periods on the retired list subsequent to September 28, 1948, i. e., from March 3, 1953, to May 12, 1953, and from June 29, 1953. Officers of the Navy, including retired officers who serve on active duty subsequent to their retirement, are entitled to receive retired pay in the highest rank in which they are certified by the Secretary of the Navy to have served satisfactorily. Section 8 (a), Act of February 21,1946, 60 Stat. 26, 28; Sec. 511 of the Career Compensation Act of 1949, 63 Stat. 802, 829. On January 28, 1955, the Department of the Navy notified plaintiff that the records of the Navy Department showed that he had served on active duty in the rank of captain from September 28,1948, to March 2, 1953, and from May 12, 1953, to June 29, 1953. On February 5, 1957, the Secretary of the Navy notified plaintiff that it had been determined that the highest Federally recognized rank satisfactorily held by plaintiff had been that of captain. It accordingly appears that plaintiff is entitled to recover the difference between the retired pay of a captain and that of a commander for the period from March 3,1953, to May 12, 1953, and from June 29,1953, to the date of judgment herein.
The plaintiff’s motion for a summary judgment is granted, and the defendant’s similar motion is denied.
The amount of plaintiff’s judgment will be determined pursuant to Eule 38 (c).
It is so ordered.
MaddeN, Judge; and JoNes, Ohief Judge, concur.
Laramore, Judge, and Whitaker, Judge, took no part in the consideration and decision of this case.
*699 In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered July 3, 1958, that judgment for the plaintiff be entered for $8,234.18.

 We note that the Comptroller General has decided that those officers whom he concedes are covered by sec. 412 (a) should, if their rank held by virtue of a 412 (a) commendation is that of captain or lower, be recalled to active duty in such new rank. 30 Comp. Gen. 242. In the case of plaintiff, however, the Comptroller General was of the opinion that section 412 (a) was not applicable to him because the special commendation had reference to combat action performed by plaintiff as a retired officer serving on a recall to active duty.