This military pay case comes before the court on defendant’s motion for summary judgment. Plaintiff, pro se, seeks back retirement pay based on the highest rank which he had attained during his years of active military service. The Government contends that because any right to retirement pay must be statutorily based, and that the applicable statute in the instant case requires retirement *869 benefits to be based on the grade held by the individual at the time of retirement, plaintiff here fails to state a claim upon which relief can be granted. We agree and hold for the Government.
Plaintiff, Eugene C. Hott, retired from the United States Army in December 1966 after some twenty-two years of active service. Although he had temporarily attained the grade of Sergeant First Class (E-6) in 1951, the plaintiff was subsequently reduced in grade. He held the grade of Sergeant (E-5) at the time of his retirement.
Following his retirement from active service, plaintiff was transferred to the Retired Reserve under the provisions of 10 U.S.C. § 3914. In 1974, plaintiff became eligible for advancement under the terms of 10 U.S.C. §3964 which reads in pertinent part:
[E]ach enlisted member of the Regular Army, who is retired before or after this title is enacted is entitled, when his active service plus his service on the retired list totals 30 years, to be advanced on the retired list to the highest temporary grade in which he served on active duty satisfactorily, as determined by the Secretary of the Army.
In November 1974, the Secretary of the Army Ad Hoc Review Board determined that plaintiff had satisfactorily served at the temporary grade of E-6 in 1951 and orders were issued to advance the plaintiff to grade E-6 effective January 9, 1975. Plaintiff now seeks retroactive payment of $12,000, the cumulative pay differential between the grades E-5 and E-6 for the eight year interim following his retirement in 1966 and his advancement in 1975.
It is well settled that the right to and the amount of retirement payments are created and controlled by statute. Abbot v. United States, 152 Ct.Cl. 798, 804, 287 F.2d 573, 576, cert. denied, 368 U.S. 915 (1961). When plaintiff retired in 1977 at the grade of E-5, his retirement benefits were governed by 10 U.S.C. § 3961 which specifies: *870 When plaintiff was advanced to grade E-6 in 1975, he was entitled to recompute his future retirement payments under the terms of 10 U.S.C. § 3992 which delineates the formula for recomputation of retirement pay for those advanced under §3964.[1] Nothing in either the language of § 3992 or its legislative history implies or grants a right to retroactive pay to individuals advanced on the retirement list under § 3964. We hold that plaintiff has no statutory basis for his claim, and therefore no right to relief.
*869 Unless entitled to a higher retired grade under some other provisions of law, a Regular or Reserve of the Army who retires other than for physical disability retires in the regular or reserve grade that he holds on the date of his retirement.
*870 Accordingly, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion for summary judgment is granted. The petition is dismissed.

 Section 3992 reads as follows:
A member of the Army who is advanced on the retired list under § 3964 of this title is entitled to recompute his retired pay as follows:

10 U.S.C.§ 3992 (1976).