Plaintiff Ralph W. Adams was a judge advocate in the Regular Air Force who voluntarily retired in 1964 for length of service, as a lieutenant colonel, having served almost 23 years. In October 1966 he joined the Alabama National Guard and received federal recognition in the reserve grade of colonel (Assistant Adjutant General (Air)) of the Alabama National Guard, under 10 U.S.C. §§593, 8351, and 8392.[1] As the Air Force explicitly recognized and told him at the time, plaintiff remained on the Regular Air Force Retired list. In September 1969 he was federally recognized as a brigadier general in the Air Force Reserve. He served in the Alabama National Guard until June 1975, but did not serve on any active federal duty except for training. After his discharge from the Guard in 1975 (because, having reached 60, he was no longer eligible to continue as Assistant Adjutant General), he applied to become part of the Air Force Retired Reserve in the grade of brigadier general and to receive retired pay at that level. The Secretary of the Air Force referred the matter to the Comptroller General who held that plaintiff, having retired from the regular Air Force as a lieutenant colonel, could not now retire in the Reserve as a brigadier general. The Air Force followed that determination.
General Adams then applied for relief to the Air Force Board for Correction of Military Records which ruled that (a) the Comptroller General was correct and, as a matter of law, there was no error in plaintiffs records, and he was properly retired as a regular lieutenant colonel, (b) he had not resigned and was not resigning his regular commission, *1018 and (c) no injustice existed in failing to give him "the benefit of the retired status which was most beneficial to him.”
This suit was then brought to obtain the higher retirement pay. Both sides have sought summary judgment, and we have had oral argument. Plaintiff asks us to reject the legal rulings of the Comptroller General and the Correction Board; he does not ask us to overturn the Board’s conclusion that no "injustice” occurred here.
Plaintiff relies primarily for his claim of legal error on the combination of 10 U.S.C. §§8911, 8381, 274 and 684. Section 8911 gives general authority to "retire a regular or reserve commissioned officer of the Air Force who has at least 20 years of service * * * at least 10 years of which have been active service as a commissioned officer.” Section 8381(a) declares specifically that when a reserve officer, federally recognized as an assistant adjutant general of a state component of the Air National Guard, ceases to occupy that position he shall "be transferred in grade to the Retired Reserve, if he is qualified and applies therefor” (emphasis added). The claim is that General Adams is "qualified” for the Retired Reserve because §274 provides that the Retired Reserves "consists of Reserves” "who are or have been retired under section * * * 8911 of this title” and Adams is said to have been retired from the Air National Guard under §8911.[2] Finally, resort is had to §684 which gives a reserve, who is ordered to duty while entitled to retired pay because of earlier military service, the right to elect while on active duty, either his earlier retirement pay or the higher pay attributable to his later active duty.
Defendant attacks the application to plaintiff of several elements of this combination of statutes but we need decide only one major point, which is decisive against General Adams. A fatal error in his case is that he is not qualified or eligible for the Retired Reserve under §8381, supra (or the other statutes on which he relies)'. As a retired regular officer, plaintiff remains a member of the Regular Air Force so long as he maintains his regular commission. See 10 U.S.C. §8075 (the Regular Air Force includes "the retired *1019 officers * * * of the Regular Air Force”). He does not contend that he has resigned his regular commission or been separated from it, and we understand that he still retains that status. As a result, he is squarely barred from becoming a member of the Retired Reserve by Paragraph 8-5(c) of the Air Force Manual 35-7 which expressly prohibits assignment to the Retired Reserve of "Commissioned officers of the Regular Air Force.” We are given no sufficient reason to invalidate this regulation,[3] and it clearly governs this case. Because of this regulatory barrier plaintiff is not "qualified” for the Retired Reserve and cannot avail himself of membership in it under §8381, supra, the statute which specifically refers to officers who become assistant adjutants general of state components of the Air National Guard.
Plaintiff can do no better under §8911, supra. He retired from the Regular Air Force, as a lieutenant colonel, in 1964 under that provision. He could not use it again, in 1975, this time as a reserve officer (at least so long as he retains his regular commission). For one thing, the Air Force regulation quoted above (Paragraph 8-5(c) of Air Force Manual 35-7) would prohibit him, as a regular, from joining the Retired Reserve. There is also another obstacle. While we have sometimes allowed "re-retirements” at a higher grade (e.g., Sherfey v. United States, 141 Ct. Cl. 307, 157 F.Supp. 936, cert. denied, 357 U.S. 926 (1958); Field v. United States, 141 Ct. Cl. 312, 158 F.Supp. 580, cert. denied, 357 U.S. 926 (1958); Rigler v. United States, 141 Ct. Cl. 692 (1958), these have been cases in which the claimant served on full active duty during the recall on which he bases his claim of "re-retirement.” After 1964, the only federal duty on which General Adams served was active duty for training, which is not considered active duty for retirement pay purposes. See 10 U.S.C. §1402(a) (permitting a retired Air Force member who later "serves on active duty [other than for training] * * * to recompute his retired pay.”[4]
*1020 The sum of it is that no provision of statute or regulation authorizes plaintiff, while he continues to maintain his regular Air Force commission, to be transferred to the Reserve and to receive retirement pay at the grade of brigadier general he held in the Reserves. In these retirement matters, we are controlled by the pertinent Congressional legislation. See, e.g., Hott v. United States, 228 Ct. Cl. 868 (1981). Perhaps through oversight, the present statutes simply do not cover General Adams’ case or allow him, as a matter of law, the retirement pay he seeks. He has no legal claim that we can vindicate.[5]
Accordingly, we deny plaintiffs motion for summary judgment and grant defendant’s motion. The petition is dismissed.

 Such federal recognition indicates that the Federal Government acknowledges that the person appointed by a state to its part of the National Guard meets prescribed federal standards.
Relevant legislation authorizes retired regular officers to be appointed as an Assistant Adjutant General in the Air National Guard.

 Section 274, supra, includes within the Retired Reserves those reserves retired under §8911 (among other components).

 Plaintiffs only contention, in this respect, is that §274 (comprehensively defining the Retired Reserve) itself makes plaintiff eligible for transfer to the Retired Reserve and therefore that the regulation cannot prevail over the statute. The answer, to us, is that neither §274 (a general definition provision) nor any other statutes gives plaintiff a statutory right to qualification or eligibility for the Retired Reserve.

 10 U.S.C. §101, a general definitional section, defines "active duty” as including *1020 "full-time training duty,” but we think that 10 U.S.C. §1402(a) defines it more specifically in the retirement pay context.
Section 684, supra (likewise cited by plaintiff) deals only with a recalled reservist’s pay while recalled to active duty and is inapplicable to the.present suit for retired pay-

 There is no contention that the Air Force misled plaintiff, when he undertook service with the Alabama National Guard, into thinking that he could "re-retire” at a higher grade. He was specifically informed that acceptance of that appointment "will not affect your present status on the Regular Air Force Retired list.”